APPEAL,CLOSED,JPS−NT,PROSE,RESTRICTED,RF

# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: 2:25−cv−01702−JPS

Armstrong et al v. Alter Trading Corporation et al
Assigned to: Judge J P Stadtmueller
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 11/03/2025
Date Terminated: 05/29/2026
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

**Plaintiff**

**William Louis Armstrong**
*also known as*
William Louis Armstrong, III

represented by **William Louis Armstrong , III**
2580 S 34th St
Milwaukee, WI 53215
414−248−1487
Email: williamlouisarmstrong93@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Involuntary Plaintiff**

**United States**

V.

**Defendant**

**Alter Trading Corporation**

**Defendant**

**Seven Stars Auto Parts LLC**

**Defendant**

**Miller Compressing Company**

**Defendant**

**Jon Spigel**

**Defendant**

**Michael Goldstein**

**Defendant**

**Robert Goldstein**

**<u>Defendant</u>**

**Goldstein Group Inc**

**<u>Defendant</u>**

**Robert G Ellis**

**<u>Defendant</u>**

**Quarles & Brady LLC**

**<u>Defendant</u>**

**Alter Logistics & Transloading
Company**

**<u>Defendant</u>**

**MCC Holding Inc**

**<u>Defendant</u>**

**John Busby**

**<u>Defendant</u>**

**All Seasons Trucking 2 LLC**

**<u>Defendant</u>**

**Toyota Motor Corporation**

**<u>Defendant</u>**

**Toyota Motor North America**

**<u>Defendant</u>**

**Toyota Motor Sales USA**

**<u>Defendant</u>**

**Toyota Financial Services**

**<u>Defendant</u>**

**Toyota Tsusho Corporation**

**<u>Defendant</u>**

**Toyota Tsusho America Inc**

**<u>Defendant</u>**

**Altech Recycling LLC**

**<u>Defendant</u>**

**Jeffrey Goldstein**

**<u>Defendant</u>**

**Kathy Goldstein**

**<u>Defendant</u>**

**Richard Goldstein**

**<u>Defendant</u>**

**Josh Millan**

**<u>Defendant</u>**

**Marc Goldstein**

**<u>Defendant</u>**

**Nathan Millan**

**<u>Defendant</u>**

**Samantha Goldstein**

**<u>Defendant</u>**

**Lauren Goldstein**

**<u>Defendant</u>**

**Jeremy Goldstein**

**<u>Defendant</u>**

**Alex Goldstein**

**<u>Defendant</u>**

**Jesse Goldstein**

**<u>Defendant</u>**

**Renee Goldstein**

**<u>Defendant</u>**

**David Klein**

**<u>Defendant</u>**

**Joseph Poehlmann**

**<u>Defendant</u>**

**United States**

**<u>Defendant</u>**

**Chanel**

**Defendant**

**Body Corporate Wisconsin LLC**

**Defendant**

**Toyota Motor Credit Corporation**

**Defendant**

**Bryan Downer**

**Defendant**

**Anthony R Gardiner, Jr**

**Defendant**

**Alter Metal Recycling**

**Defendant**

**Green Bridge Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2025 | 1 | PRO SE COMPLAINT with Jury Demand against All Defendants filed by William Louis Armstrong. Consent forms distributed for Magistrate Judge Nancy Joseph. (Attachments: # 1 Civil Cover Sheet)(rcm) (Entered: 11/04/2025) |
| 11/03/2025 | 2 | NOTICE of Related Actions by William Louis Armstrong (rcm) (Entered: 11/04/2025) |
| 11/03/2025 | 3 | MOTION to Electronically File by William Louis Armstrong. (rcm) (Entered: 11/04/2025) |
| 11/03/2025 | 4 | MOTION for Leave to Proceed Without Prepayment of the Filing Fee by William Louis Armstrong. (rcm) (Entered: 11/04/2025) |
| 11/03/2025 | 5 | Magistrate Judge Jurisdiction Form filed by William Louis Armstrong. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (rcm) (Entered: 11/04/2025) |
| 11/14/2025 | 6 | AMENDED COMPLAINT with Jury Demand against All Defendants filed by William Louis Armstrong. (Attachments: # 1 Exhibits)(bx) (Entered: 11/17/2025) |
| 12/01/2025 | 7 | ORDER signed by Judge J P Stadtmueller on 12/01/2025; IT IS ORDERED that Plaintiff William Louis Armstrong's motion for e−filing privileges, ECF No. 3 , is GRANTED; and IT IS FURTHER ORDERED that Plaintiff William Louis Armstrong may file a second amended complaint, if at all, by December 22, 2025; failure to timely file a second amended complaint, or the filing of one that fails to comply with Rule 8 or the conditions imposed by this Order, will result in this case being dismissed without further notice. See Order. (cc: all counsel)(bx) |
| 12/01/2025 | 8 | First MOTION for Reconsideration *Day one rushed, please expedite.* by William Louis Armstrong. (Armstrong, William) |
| 12/22/2025 | 9 | |

| | | |
|---|---|---|
| | | Second MOTION for Reconsideration *Of DKT 7 screening order*, First MOTION to Amend/Correct First amended complaint by William Louis Armstrong. (Attachments: # 1 Complaint Proposed second amended complaint)(Armstrong, William) |
| 05/11/2026 | 10 | ORDER signed by Judge J P Stadtmueller on 5/11/2026. 8 and 9 Plaintiff's Motions for Reconsideration are DENIED as moot. By 5/18/2026, Plaintiff to FILE a third amended complaint; failure to timely do so, or the filing of a complaint that fails to comply with Fed R Civ P 8 or this Order, will result in dismissal of this action without further notice. (cc: all counsel)(jm) |
| 05/18/2026 | 11 | MOTION to Amend/Correct Second amended complaint , MOTION to Appoint Counsel , MOTION for Extension of Time , AND MOTION for Reconsideration by William Louis Armstrong. (Attachments: # 1 Proposed Third Amended Complaint, # 2 EXHIBIT Information Sheet: Showing that I'm Terrible to AI and that it's keeping score, # 3 EXHIBIT Information Sheet: Showing SCOTUS petition for reconsideration argument from Armstrong v. Boyland)(Armstrong, William) Modified on 5/19/2026 (bx). |
| 05/29/2026 | 12 | ORDER signed by Judge J P Stadtmueller on 5/29/2026. 4 Plaintiff's Motion for Leave to Proceed Without Prepayment of the Filing Fee is DENIED as moot. 11 Plaintiff's Motion for Extension of Time, to Correct Second Amended Complaint, to Appoint Counsel, and for Reconsideration is DENIED as moot. CASE DISMISSED with prejudice. Plaintiff shall REMIT to the Clerk of the Court a $500 monetary sanction. Until such time that $500 sanction is paid in full, Plaintiff is BARRED from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant, any application for habeas corpus, and any papers in *Armstrong v. City of Milwaukee*, Case No. 24−CV−1389−JPS (E.D. Wis. 2024); the Clerk of the Court shall RETURN UNFILED any papers submitted in violation of this Order. See Order. (cc: all counsel)(jm) |
| 05/29/2026 | 13 | JUDGMENT signed by Deputy Clerk and approved as to form by Judge J P Stadtmueller on 5/29/2026. Action DISMISSED with prejudice. (cc: all counsel)(jm) |
| 07/13/2026 | 14 | First MOTION for Leave to Appeal Without Prepayment of the Filing Fee , *but not really the filing fee, more so the docketing fee and other costs of the appeal.* by William Louis Armstrong. (Attachments: # 1 Affidavit for Motion to Appeal in Forma Pauperis with Exhibits)(Armstrong, William) Modified on 7/13/2026 (bx). |
| 07/13/2026 | | NOTICE of Electronic Filing Error re 14 First MOTION for Leave to Appeal Without Prepayment of the Filing Fee , *but not really the filing fee, more so the docketing fee and other costs of the appeal.* filed by William Louis Armstrong, William Louis Armstrong, III ; The Affidavit to this document should have been filed as separate entry. If you are appealing your case, you need to file a Notice of Appeal to go with this motion. This document needs to be re−filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (bx) |
| 07/16/2026 | 15 | Second MOTION for Leave to Appeal Without Prepayment of the Filing Fee , *but not really the filing fee, more so the docketing fee and other costs of the appeal.* by William Louis Armstrong. (Armstrong, William) |
| 07/16/2026 | 16 | AFFIDAVIT of William Louis Armstrong *for Motion to proceed in forma pauperis*. (Armstrong, William) |

| 07/16/2026 | 17 | NOTICE OF APPEAL by William Louis Armstrong. (cc: all counsel) (Armstrong, William) |
| 07/16/2026 | 18 | Pro Se Cover Letter re: 17 Notice of Appeal (Attachments: # 1 Docket Sheet)(bx) |

# Eastern District of Wisconsin

# Case No: 2:25-cv-01702

# Armstrong et al v. Alter Trading Corporation et al

# Notice of appeal to the seventh circuit

Notice is hereby given that William Louis Armstrong, plaintiff,
appeals to the United States Court of Appeals for the Seventh
Circuit. The appeal is of the final judgement and all such
orders encompassed by the final judgement (DKT 13). Without
limitation, it includes all three screening orders, DKT 7, DKT
10, and DKT 12.

The only matter whatsoever excluded from appeal is that the
proposed second amended complaint became operative when the
district court treated it as a completed amendment. This narrow
matter is excluded so as to best protect the joinder of
defendants who were sought to be added by the proposed second
amended complaint. Other than the fact that the proposed second
amendment ultimately had the legal status of a completed
amendment following the court's second screening order,
everything else is being appealed.

Electronically signed by: William Louis Armstrong

S/ William Louis Armstrong

414-248-1487

2580 S. 34th st. Milwaukee Wisconsin, 53215

williamlouisarmstrong93@gmail.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

        Plaintiff,

UNITED STATES,

        Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,

        Defendants.

Case No. 25-CV-1702

# ORDER

In November 2025, Plaintiff William Louis Armstrong ("Plaintiff" or "Armstrong") initiated a suit against Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady, LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation, Toyota Motor North America, Toyota Motor Sales, USA, Toyota Financial Services, Toyota Tsusho Corporation, Toyota Tsusho America Inc., Altech Recycling LLC, Jeffrey Goldstein, Kathy Goldstein, Richard Goldstein, Josh Millan, Marc Goldstein, Nathan Millan, Samantha Goldstein, Lauren Goldstein, Jeremy Goldstein, Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint). At that same time, he also brought a motion to proceed without prepayment of the filing fee. ECF No. 4.

In early December 2025, the Court screened his complaint, advising Plaintiff to amend his complaint so that it comported with Federal Rule of Civil Procedure 8 and the Court's pleading instructions. ECF No. 7 at 9–10. Specifically, the Court ordered Plaintiff to file, by December 22, 2025, an amended complaint not to exceed fifteen (15) pages or include more than ten (10) defendants. *Id*. at 9. On December 22, 2025, Plaintiff filed a proposed second amended complaint. ECF No. 9-1. On May 11, 2026, the Court screened that complaint but declined to accept it, noting that it amounted to what other courts have called a "puzzle pleading." ECF No. 10 at 10 (citing *U.S. Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 897

(N.D. Ill. 2021)). At that time, the Court gave Plaintiff one more week to file a complaint that complied with Rule 8 and the Court's instructions. *Id*. at 10.

On May 18, 2026, Plaintiff filed, along with his proposed third amended complaint, ECF No. 11-1, several motions contained within one filing: seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders. ECF No. 11. For the reasons set forth below, the Court will dismiss this case with prejudice. *See infra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See infra* Section 4.2.

## 3.    RELEVANT ALLEGATIONS

Plaintiff repeats a series of disparate allegations, appearing to allege claims against over forty defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Wisconsin's corollary law for alleged misconduct that dates back to at least 2012. ECF No. 11-1 at 5–14. As in his second amended complaint, ECF No. 9-1 at 5, Plaintiff primarily sues for violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d) and Wisconsin Statutes §§ 946.83(1), (2), and (3). ECF No. 11-1 at 3. Plaintiff also repeats various criminal provisions under both state and federal law but, again, provides no legal basis for a private civil right of action for any of them. *Id*. at 5–14 (citing 18 U.S.C. §§ 1341, 1343, 1951, 1952, 1956, 1960, and 2321 and WIS. STAT. §§ 180.0129, 943.02, 943.20, 943.30, 943.39, 943.60, 946.32, and 961); ECF No. 9-1 at 5–18. At the very end of the third amended complaint,

Plaintiff re-attaches a table entitled "Predicate Acts Chart (Mail and Wire Fraud)" that purports to list out certain wrongful acts or statements made by, seemingly, certain actors of Toyota and its affiliates. *Compare* ECF No. 9-1 at 19 *with* ECF No. 11-1 at 15.

4.    **ANALYSIS**

    4.1    **Dismissal**

The Court will dismiss Armstrong's case because he failed to adhere to the Federal Rule of Civil Procedure 8 and the Court's prior instructions, ECF Nos. 7 and 10, and because the allegations in his third amended complaint are downright frivolous.

To begin, his third amended complaint once *again* names more than forty (40) Defendants, ECF No. 11-1, in direct contradiction to the Court's prior orders. ECF No. 7 at 9 (limiting him to no more than fifteen (15) Defendants); ECF No. 10 at 10 (same). Plaintiff's assertion that his third amended complaint complies with the Court's page limitations, ECF No. 11 at 3, ignores the Court's remaining instructions: to limit the number of Defendants. While the Court can appreciate Plaintiff's attempt to "rearrange the [D]efendants so that a tentative preferred ten are the first ten when the list is read as left half first and right half second," the Court still has problems discerning the who, what, when, where, how, and why which Defendants did what or what they allegedly did. *Id*.

For instance, in reviewing his third amended complaint, Plaintiff alleges that the facilities belonging to "Alter Transloading & Logistics" were used for "drug smuggling" and that "Alter Trading Corporation, Alter Transloading & Logistics, Miller Compressing Company, and Seven Stars Auto Parts LLC were principals." ECF No. 11-1 at 8–9. However, Plaintiff never provides any facts explaining what these companies did to support this assertion. In another instance, he suggests that the "Goldstein

companies" engaged in a "pattern of felony fraud arson," and while he identifies certain individuals with the last name Goldstein, he never identifies the Goldstein companies to which he refers. *Id.* at 12.

The Court, therefore, finds that Plaintiff has failed to address the Rule 8 pleading deficiencies about which this Court has repeatedly warned Plaintiff. ECF No. 7 at 7–9 (giving him a chance to correct his impermissible "kitchen sink" pleading approach (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)); ECF No. 10 at 7–9 (giving him a chance to correct his "puzzle pleading" (quoting *Winemaster*, 529 F. Supp. 3d at 897 (N.D. Ill. 2021)).

In addition, the Court finds that Plaintiff's allegations are at best wholly "delusional" and that the case warrants dismissal on this basis as well. *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013). To start, Plaintiff discuses a racketeering enterprise involving the Goldstein family that dates back almost fifteen years. ECF No. 11-1 at 5, 10, and 11 (discussing alleged co-conspirators Michael and Robert Goldstein's role in the "2012 [m]oney laundering"). He suggests that the Goldstein companies are "criminal treasuries" for the "Jewish Mafia." *Id*. at 11. He further suggests that he does not "know who was killed" or "where the bodies are buried" but that they are "made men" and that "[t]hey're more likely than not 'made' to even be in their positions, like Pablo Escobar's babysitters." *Id*. Considered together, these allegations mirror those in *Holland*, where the Seventh Circuit upheld the dismissal of a complaint that alleged that defendants had plotted, for over twenty years, a "wide-ranging conspiracy" against the plaintiff. 503 F. App'x at 477.

While pro se pleadings are to be construed liberally, such filings must still comply with rules that govern civil cases, and court orders. *See Whitfield v. Synder*, 263 F. App'x 518, 521 (7th Cir. 2008) (citing *McNeil v.*

*United States*, 508 U.S. 106, 113 (1993) and *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)). The Court "will not invent legal arguments for litigants," even if pro se, "and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.'" *Wilburn v. Kroll Substance Abuse Training*, No. 10-CV-174, 2010 WL 2178963, at *2 (S.D. Ind. May 27, 2010) (quoting *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). The Court will certainly not do that here, where Plaintiff has had multiple chances to correct his pleadings and is well-aware of this Court's screening process. ECF Nos. 7 and 10; City of Milwaukee Case, ECF Nos. 13 and 16.

Because "the Court has already screened" his "original complaint" (and his subsequent one) and "provided guidance to assist with his claims," the Court "finds that further amendment would be futile" and will dismiss this case. *Johnson v. Fisher*, No. 24-CV-454-JPS, 2024 WL 3965075, at *3 (E.D. Wis. Aug. 28, 2024) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015)). The dismissal will operate with prejudice. *Cable v. Kuraray Am., Inc.*, No. 24-1233, 2024 WL 4499766, at *2 (7th Cir. Oct. 16, 2024) (affirming dismissal of case for "noncompliance with the federal rules" and "failure to obey reasonable orders" (citing *Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022)); *Luffman v. Collinsville Cmty. Unit Sch. Dist. #10*, No. 25-CV-00842-SPM, 2025 WL 1568299, at *4 (S.D. Ill. June 3, 2025) (dismissal with prejudice, in relevant part, for failure to comply with Federal Rule of Civil Procedure 8 following multiple opportunities to amend); *Greyer v. Does*, No. 24-CV-301-JPS, 2024 WL 1051213, at *2 (E.D. Wis. Mar. 11, 2024) (dismissing frivolous case with prejudice) (citing *Holland*, 503 F. App'x at 478 and *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013)).

### 4.2    Sanctions

The Court is faced with a litigant who has not only disregarded the Federal Rules of Civil Procedure and the Court's pleading instructions, but who has also submitted outrageous written statements that are wholly inappropriate for any litigant to make. The Court will briefly summarize some of the most concerning content. When discussing why the Court should appoint counsel, Plaintiff argues that "[p]erhaps professional counsel is more able to bend over spread their ass[es] and let you fuck them and their clients unlawfully than I am, and may have pointers that will help me to tolerate it." ECF No. 11 at 4. He further suggests that the Court's screening order is an "illegal order" that he is "not going to follow," "[l]ike if you told me to suck your dick I wouldn't." *Id*. Plaintiff characterizes the Court's screening orders as emblematic of "mob prosecution." *Id*. at 6. He insinuates that Court staff has "dementia." *Id*. at 11. He attaches what he defines as "an exhibit showing that [he] is terrible to AI," which is five pages worth of a profanity-laced dialogue with AI. ECF No. 11-2. Plaintiff acknowledges how inappropriate his behavior is, writing that "[i]f you want to hold me in contempt, hold me in contempt, and let me appeal the contempt sanction." ECF No. 11 at 5.

In light of these circumstances, the Court finds that sanctions are warranted here. "[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty*., 73 F.3d 669, 674 (7th Cir. 1995)). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). To this end, the Court may implement sanctions "narrowly

tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-cv-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and FED. R. CIV. P. 11).

Here, the sanction will not be to hold Plaintiff in contempt. Rather, the Court will impose a monetary fine of $500 as a sanction. Considering that a court in the Western District of Wisconsin dismissed a case for a litigant's use of similar inappropriate language, *Luedtke v. Keyes*, No. 22-cv-589-jdp, 2023 WL 2894535, at *1 (W.D. Wis. Apr. 11, 2023), and the fact that dismissal is the "ultimate sanction," *Long v. Steerpo*, 213 F.3d 983, 986 (7th Cir. 2000) (citing *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996)), the Court finds that a $500 sanction is more than warranted here. *Cf. Neal v. LaRiva*, 765 F.3d 788, 791 (7th Cir. 2014) (upholding prior $500 fine and imposing an additional $500 fine for repeated frivolous filings); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (imposing $500 fine on serial litigant); *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021) (imposing a $1,000 sanction on serial litigant); *Kimbrell v. Poipu Holdings, LLC*, No. 1:25-cv-01147-JEH-RLH, 2025 WL 2375399, at *2 (C.D. Ill. Aug. 13, 2025) (denying motion to rescind $500 fine on serial litigant).

Until Plaintiff pays the $500 monetary sanction in full, he will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those addressed in this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a

defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)); *cf. Neal*, 765 F.3d at 791 (upholding similar limitations as to serial litigant). It will also not include any papers that Plaintiff may file in his ongoing lawsuit: *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024) ("City of Milwaukee Case"). The Clerk of the Court will be directed to return unfiled any papers submitted in violation of this Order until Plaintiff has paid the monetary sanction in full.

### 5.     CONCLUSION

For the reasons discussed herein, the Court will dismiss this case with prejudice. *See supra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See supra* Section 4.2.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion to proceed without prepayment of the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's motion seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel,

and to reconsider the prior screening orders, ECF No. 11, be and the same is hereby **DENIED as moot**;

IT IS FURTHER ORDERED that Plaintiff William Louis Armstrong shall **REMIT** to the Clerk of the Court a monetary sanction in the amount of $500;

IT IS FURTHER ORDERED that until such time as Plaintiff William Louis Armstrong pays the $500 monetary sanction in full, he will be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant, any application for habeas corpus, and any papers in *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024); the Clerk of the Court shall **RETURN UNFILED** any papers submitted in violation of this Order; and

IT IS FURTHER ORDERED that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

　　　　　　　　Plaintiff,

UNITED STATES,

　　　　　　　　Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,

　　　　　　　　Defendants.

Case No. 25-CV-1702-JPS

**JUDGMENT**

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.

　　　**IT IS ORDERED AND ADJUDGED** that this action be and the same is hereby **DISMISSED with prejudice**.

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

LINDA M. KLEMM
Clerk of Court

May 29, 2026                          s/ *Jodi L. Malek*
_____                    _____
Date                                 By: Deputy Clerk

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

        Plaintiff,

UNITED STATES,

        Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION,
SEVEN STARS AUTO PARTS LLC,
MILLER COMPRESSING
COMPANY, JON SPIGEL,
MICHAEL GOLDSTEIN, ROBERT
GOLDSTEIN, GOLDSTEIN GROUP
INC., ROBERT G. ELLIS,  QUARLES
& BRADY LLC,  ALTER LOGISTICS
& TRANSLOADING COMPANY,
MCC HOLDING INC., JOHN BUSBY,
ALL SEASONS TRUCKING 2 LLC,
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR NORTH
AMERICA, TOYOTA MOTOR
SALES, USA,  TOYOTA FINANCIAL
SERVICES, TOYOTA TSUSHO
CORPORATION,  TOYOTA TSUSHO
AMERICA INC., ALTECH
RECYCLING LLC,  JEFFREY
GOLDSTEIN,  KATHY GOLDSTEIN,
RICHARD GOLDSTEIN,  JOSH
MILLAN,  MARC GOLDSTEIN,
NATHAN MILLAN,  SAMANTHA
GOLDSTEIN,  LAUREN
GOLDSTEIN,  JEREMY GOLDSTEIN,
ALEX GOLDSTEIN, JESSE
GOLDSTEIN, RENEE GOLDSTEIN,
DAVID KLEIN, JOSEPH

Case No. 25-CV-1702-JPS

**ORDER**

POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,

Defendants.

## 1.     INTRODUCTION

Plaintiff William Louis Armstrong ("Plaintiff") sues Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation,  Toyota Motor North America, Toyota Motor Sales, USA,  Toyota Financial Services, Toyota Tsusho Corporation,  Toyota Tsusho America Inc., Altech Recycling LLC,  Jeffrey Goldstein,  Kathy Goldstein,  Richard Goldstein,  Josh Millan,  Marc Goldstein,  Nathan Millan,  Samantha Goldstein,  Lauren Goldstein,  Jeremy Goldstein,  Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint). He also moves for leave to proceed in forma pauperis, ECF No. 4, and for e-filing privileges, ECF No. 3. This Order screens Plaintiff's amended complaint and addresses his pending motions.

For the reasons discussed herein, the Court will defer ruling on Plaintiff's motion for leave to proceed in forma pauperis but will grant Plaintiff e-filing privileges, as it has already done so in Plaintiff's other case before this Court. *William Armstrong v. City of Milwaukee, et al.*, Case No. 24-CV-1389, ECF No. 13 (E.D. Wis. Mar. 18, 2025). The Court also concludes that Plaintiff may amend his complaint but, if he elects to do so, Plaintiff's second amended complaint may not exceed fifteen (15) pages, nor will he be permitted to name more than ten (10) defendants.

## 2.    MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fee, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[1] *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other, inapplicable grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 4.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes, *infra* Section 4, that Plaintiff violates Federal Rule of Civil Procedure 8(a), the Court will defer ruling on the merits of his motion for leave to proceed in forma pauperis.

**3.     MOTION FOR E-FILING PRIVILEGES**

Plaintiff also moves for e-filing privileges. ECF No. 3. E-filing privileges are not granted to pro se litigants as a matter of course. District policy is that "[p]arties proceeding *pro se* cannot file electronically unless authorized by the court." U.S. DISTRICT COURT, EASTERN DISTRICT WIS.,

Page 4 of 10

ELECTRONIC CASE FILING POLICIES AND PROCEDURES MANUAL 1 (2025), https://www.wied.uscourts.gov/sites/wied/files/documents/09.30.25%20C M.ECF%20Policies%20and%20Procedures%20final.pdf, [https://perma.cc/ 98HT-PCZE]. Here, however, the Court has already granted Plaintiff e-filing privileges in his other case pending before this Court. *William Armstrong v. City of Milwaukee, et al.*, Case No. 24-CV-1389, ECF No. 13 (E.D. Wis. Mar. 18, 2025). The Court will accordingly grant his motion for e-filing privileges. If, however, Plaintiff abuses those privileges or if it otherwise becomes apparent that he is no longer entitled to e-filing privileges, the Court may revoke his privilege without further notice. To the extent Plaintiff intends to amend his complaint such that his "amendments will be even longer" than before, ECF No. 3 at 2, the Court admonishes Plaintiff that doing so in violation of the conditions imposed on any second amended complaint Plaintiff elects to file will constitute a basis to revoke his e-filing privileges in this action.

## 4.     SCREENING THE COMPLAINT

### 4.1     Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on the defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,*

490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21

(1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 4.2    Plaintiff's Amended Complaint

The Court is not obligated to, nor will it, "spend countless hours 'fishing' for the few relevant allegations." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Here, the original complaint consisted of 127 pages, ECF No. 1, while operative amended complaint consists of 144 pages, ECF No. 6, and contains nearly 290 pages of exhibits. While "length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so" because it undermines the notice defendants are owed to prepare a defense. *Stanard v. Ngyuen*, 658 F.3d 792, 797-98 (7th Cir. 2011).

Because Plaintiff has undergone screening from this Court before, Plaintiff well knows of this notice requirement. *William Armstrong v. City of Milwaukee, et al.*, Case No. 24-CV-1389, ECF No. 13 at 6 (E.D. Wis. Mar. 18, 2025). Despite this knowledge, Plaintiff leaves his analysis incomplete in several instances, leaving blank, for instance, important sections as to which entities certain Defendants unlawfully maintained or controlled. *See, e.g.*, ECF No. 6 at 108–123. Plaintiff, by his own admission, seeks to intentionally withhold the information that would give Defendants the fair notice they are owed. ECF No. 6 at 13 ("I reserve any right and / or privilege to assert any alterative basis for satisfying the elements of this and other offenses including without limitation the particular allegations supporting claims of unlawful activity and specified unlawful activity."). To be sure, Plaintiff may strategically select the claims he wishes to bring, but Plaintiff may not withhold the allegations that form the basis for his claims, as doing so disables Defendants from having a fair chance to defend the action. *See*

*Stanard*, 658 F.3d at 798 (noting that dismissal is the proper remedy where "a complaint [is] too confusing to determine the facts that constitute the alleged wrongful conduct").

In addition, here, as in *Stanard*, not only is the operative complaint far longer than it needs to be, but it is also "rampant" with "syntactical[] and typographical errors" that "contribute[] to an overall sense of unintelligibility." *Stanard*, 658 F.3d at 798. Many pages contain sentences between 50 to 100 words with either incorrect or inadequate punctuation. *See, e.g.*, ECF No. 6 at 64, 68, and 96. Indeed, *Stanard* said it best: "the grammatical and spelling errors are too numerous to add '[sic]' where required." *Stanard*, 658 F.3d at 799.

Another similarity to *Stanard* is that much of the writing is little more than gibberish. For instance, in three sentences that together contain over 130 words, Plaintiff alleges that: "The prosecution is able to identify facts unique to the largest competitors in the relevant industry groups and which would have been attainable to William Armstrong's business, that would have put the business in a group with average revenues around eight billion dollars a year, with profits that at about two billion dollars a year, or 25% of revenues. For starters, pretty much anybody who had advertised effectively and allowed commercial use had revenues of a billion dollars per year in the 523120 code. There's a claim that William Armstrong's aggressive growth strategy, innovative marketing, and competitive services catering also to commercial users, would have resulted in balance sheets after 20 years being roughly in line with companies like Ally invest, and Vanguard, at current day levels of revenue, with profits at about 25% of revenue." ECF No. 6 at 88.

Indeed, these deficits, like in *Stanard*, evince "a vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading the case." *Stanard*, 658 F.3d at 798. Such allegations are insufficient to afford Defendants fair notice of the claims brought against them. Should Plaintiff wish to amend, the Court will allow him to do so once more, but Plaintiff's second amended complaint may not exceed fifteen (15) pages nor include more than ten (10) defendants.

### 5.    CONCLUSION

For the reasons discussed herein, the Court defers ruling on Plaintiff's motion to proceed without paying the file fee, ECF No. 4, but grants his motion for e-filing privileges, ECF No. 3. Should Plaintiff wish to amend, the Court will allow him to do so once more, but Plaintiff's second amended complaint may not exceed fifteen (15) pages nor include more than ten (10) defendants.

To that end, should Plaintiff wish to attempt to amend his pleadings, he shall do so on or before December 22, 2025. Any second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Any second amended complaint must be complete in and of itself without reference to the original or amended complaints. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

If Plaintiff files a second amended complaint, it will become the operative complaint in this matter, and the Court will screen it in

accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file a second amended complaint, or files one that fails to comply with Rule 8 or the conditions imposed by this Order, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion for e-filing privileges, ECF No. 3, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong may file a second amended complaint, if at all, on or before December 22, 2025; failure to timely file a second amended complaint, or the filing of one that fails to comply with Rule 8 or the conditions imposed by this Order, will result in this case being dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG, III

           Plaintiff,

UNITED STATES,

           Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION, SEVEN
STARS AUTO PARTS LLC, MILLER
COMPRESSING COMPANY, JON SPIGEL,
MICHAEL GOLDSTEIN, ROBERT
GOLDSTEIN, GOLDSTEIN GROUP, INC.,
ROBERT G. ELLIS, QUARLES & BRADY, LLC,
ALTER LOGISTICS & TRANSLOADING
COMPANY, MCC HOLDING INC., JOHN
BUSBY, ALL SEASONS TRUCKING 2 LLC,
TOYOTA MOTOR CORPORATION, TOYOTA
MOTOR NORTH AMERICA, TOYOTA
MOTOR SALES, USA, TOYOTA FINANCIAL
SERVICES, TOYOTA TSUSHO
CORPORATION, TOYOTA TSUSHO
AMERICA INC., ALTECH RECYCLING LLC,
JEFFREY GOLDSTEIN, KATHY GOLDSTEIN,
RICHARD GOLDSTEIN, JOSH MILLAN,
MARC GOLDSTEIN, NATHAN MILLAN,
SAMANTHA GOLDSTEIN, LAUREN
GOLDSTEIN, JEREMY GOLDSTEIN, ALEX
GOLDSTEIN, JESSE GOLDSTEIN, RENEE
GOLDSTEIN, DAVID KLEIN, JOSEPH
POEHLMANN, UNITED STATES, CHANEL,
BODY CORPORATE WISCONSIN LLC,
TOYOTA MOTOR CREDIT CORPORATION,
BRYAN DOWNER, ANTHONY R. GARDINER,
JR., ALTER METAL RECYCLING, and GREEN
BRIDGE COMPANY,

           Defendants.

Case No. 25-CV-1702

# ORDER

In November 2025, Plaintiff William Louis Armstrong, III ("Plaintiff" or "Armstrong") initiated a suit against Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady, LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation, Toyota Motor North America, Toyota Motor Sales, USA, Toyota Financial Services, Toyota Tsusho Corporation, Toyota Tsusho America Inc., Altech Recycling LLC, Jeffrey Goldstein, Kathy Goldstein, Richard Goldstein, Josh Millan, Marc Goldstein, Nathan Millan, Samantha Goldstein, Lauren Goldstein, Jeremy Goldstein, Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint).

In early December 2025, the Court screened his complaint, advising Plaintiff to amend his complaint so that it adhered to Federal Rule of Civil Procedure 8 and the Court's pleading instructions. ECF No. 7 at 9–10. Specifically, the Court ordered Plaintiff to file, by December 22, 2025, an amended complaint not to exceed fifteen (15) pages or include more than ten (10) defendants. *Id*. at 9. On December 1, 2025, Plaintiff brought a motion to reconsider the ruling. ECF No. 8. On December 22, 2025, Plaintiff brought a second motion to reconsider, attaching as an exhibit his second[1] amended complaint (the "amended complaint" or "AC"). ECF Nos. 9 and 9-1. This

---

[1]Armstrong had previously amended his complaint, ECF No. 6, prior to the Court's screening of the original complaint, ECF No. 1.

Order addresses those motions and will allow Plaintiff one more chance to amend; Plaintiff is admonished that continued failure to abide by the procedural rules governing civil cases, and the Court's orders, may result in dismissal of this case. The Court will again defer ruling on Plaintiff's pending motion for leave to proceed without prepayment of the filing fee, ECF No. 4, as the screening process continues.

## 2.     SCREENING STANDARDS

A party proceeding pro se may submit to the court a request for leave to proceed without prepaying the otherwise required filing fees, otherwise known as a motion for leave to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[2] *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds*, Fed. R. App. P. 24, *as explained in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes, *infra* Section 4, that Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8(a) and the Court's recent order, ECF No. 7, the Court will defer ruling on the merits of his motion for leave to proceed in forma pauperis.

**3.     RELEVANT ALLEGATIONS**

Plaintiff makes a series of disparate allegations, appearing to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Wisconsin's corollary law against over forty defendants. ECF No. 9-1 at 5–19. Primarily, Plaintiff sues for violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d) and Wisconsin Statutes §§ 946.83(1), (2), and (3). *Id*. at 5. Plaintiff also cites various criminal provisions under both state and federal law but provides no legal basis for a private right of action for any

of them. *Id*. at 7 (citing 18 U.S.C. §§ 659, 1341, 1343, 1951, 1952, 1956, 1960, and 2321 and WIS. STAT. §§ 180.0129, 943.20, 943.30, 943.39, 943.60, 946.32, and 961). Rather, he suggests that some of these provisions constitute the predicate acts for the state and federal RICO violations; in fact, Armstrong attaches a table at the very end of the AC entitled "Predicate Acts Chart (Mail and Wire Fraud)" that purports to list out certain wrongful acts or statements made by, seemingly, certain actors of Toyota and its affiliates. ECF No. 9-1 at 19.

## 4.    SCREENING THE COMPLAINT

### 4.1    Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke, 490 U.S. at 325*); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where there is an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 4.2    Analysis

The Court is faced with a litigant who has disregarded the Federal Rules of Civil Procedure and the Court's pleading instructions. Plaintiff was advised to not exceed fifteen pages or include more than ten defendants. ECF No. 7. Rather than heed those instructions, Plaintiff decided to use those numbers as starting points, rather than ending points. ECF No. 9 at 8 ("The proposed amend[ed] [complaint] doesn't drop defendants, it adds a few, and it includes 4 caption pages and 15 pleading pages. I'm filing these

at the beginning of the day, and I'll decide what I'll ultimately do by night's end."). In fact, Plaintiff's allegations now span more than fifteen pages and name more than forty defendants.[3] *See generally* ECF No. 9-1. While pro se pleadings are to be construed liberally, such filings must still comply with rules that govern civil cases, and court orders. *See Whitfield v. Synder*, 263 F. App'x 518, 521 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)).

Typically, in a case like this, the Court would strike the excess, namely pages sixteen through nineteen. *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 161 (S.D. Ind. 2009) (citing *Aspera v. Copperweld Corp.*, Case No. 04 C 4358, 2006 WL 488686, at *2 (N.D. Ill. Feb. 24, 2006)). However, in this case, the amended complaint fails to state a claim altogether. As a starting point, a review of the amended complaint reveals that Armstrong's factual allegations are so lacking in detail that it is impossible for them to support any of the alleged wrongful conduct, be it the RICO charges or the underlying predicate acts. The convoluted, unintelligible chart at the end of his complaint that implicates individuals not yet named in this action brings this point home. ECF No. 9-1 at 19. To the extent there are factual allegations that bolster his claims, Armstrong presents them in an impermissible manner, as described below.

Armstrong engages in what other courts in this district have called a "puzzle pleading," at least in the context of securities litigation. *Cf. U.S. Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 906 (N.D. Ill. 2021)

---

[3]To the extent he sues "Chanel," he does not provide her last name or other information, thereby failing to afford that individual proper notice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(citing *Alizadeh v. Tellabs, Inc.*, Case No. 13 C 537, 2014 WL 2726676, at \*5 (N.D. Ill. June 16, 2014)). It is so named because it requires "the Court and the defendant[s] to piece together exactly which statements [the plaintiff is challenging] and what allegations contradict those statements." *Id.* (citing same). This kind of a pleading "improperly places the burden on the Court to sort out the alleged misrepresentations," or conduct, "and then match them with the corresponding adverse facts." *Id.* (quoting *Conlee v. WMS Indus., Inc.*, Case No. 11 C 3503, 2012 WL 3042498, at \*4 (N.D. Ill. July 25, 2012). "The net effect of a puzzle pleading may be to 'leave the reader— whether Defendants or the [C]ourt—jumping from page to page in an attempt to link the alleged statements," or conduct, "to the background that supposedly makes them [unlawful].'" *Id.* at 906–07 (quoting same).

As a result, the Court is unable to review the sufficiency of each count due to the formatting of the amended complaint. *Id.* (citing *U.S. Sec. & Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 778 (N.D. Ill. 2017). Specifically, the Court is unable to identify the role of each Defendant in the RICO enterprise or the underlying predicate act, their action or inactions that amounted to misconduct, and why their actions were wrongful. For instance, midway through the AC, Armstrong alleged that the "commission of the above[-]described act was also the object of a conspiracy between the involved parties, chargeable separately and distinguishable as its own predicate act for Wisconsin RICO." ECF No. 9-1 at 9. However, by this point in the pleading, Armstrong had alleged multiple possible wrongful acts, such as the production of "conspiracy to commit penalty for false documents" and "false swearing," which may constitute the "the above-described act" to which he referred. *See id.* at 8–9. In addition, there is no way to know to whom Armstrong referred when he cited to the "involved parties." *See id.* While incorporating by reference previous factual

Page 8 of 11

allegations is not by itself against the rules, the trouble here remains that Defendants lack notice and the Court lacks information to assess the validity and bases of Armstrong's claims. *Winemaster*, 529 F. Supp. 3d at 907 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324–25 (11th Cir. 2015) and *Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013)).

Indeed, puzzle piece allegations like these plague Armstrong's second amended complaint and make it unduly burdensome on the Court to assess the sufficiency of the allegations here. Ultimately, "while the Court liberally construes the pleadings of pro se litigants," the Court "'will not invent legal arguments for litigants and is not obligated to accept as true legal conclusions or unsupported conclusions of fact.'" *Wilburn v. Kroll Substance Abuse Training*, Case No. 10-CV-174, 2010 WL 2178963, at *2 (S.D. Ind. May 27, 2010) (citing *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). To allow this case to proceed in its current form would require the Court to do just that. Plaintiff knows this since he has faced, on several occasions, the screening process of this very Court. ECF No. 7; *Armstrong v. City of Milwaukee, et al.*, 24-CV-1389-JPS, ECF Nos. 13 and 16 (E.D. Wis. 2024). Plaintiff will be afforded a final opportunity to amend to correct these defects before it will dismiss the case. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (noting that there is a "presumption in favor of giving plaintiffs at least one opportunity to amend" (citing *Luevano v. Wal-Mart Stores, Inc.*, 772 F.3d 1014, 1024 (7th Cir. 2013))).

### 4.3    Motions to Reconsider

Because Plaintiff has amended his complaint, Plaintiff's motions to reconsider, ECF Nos. 8 and 9, are denied as moot because both motions asked for relief from the Court's ruling on the original complaint.

## 5.     CONCLUSION

For the reasons discussed herein, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying the file fee, ECF No. 4, but denies as moot his motions to reconsider, ECF No. 8 and 9. Should Plaintiff wish to amend, the Court will allow him to do so once more, but Plaintiff's third amended complaint may not exceed fifteen (15) pages nor include more than ten (10) defendants. Plaintiff should also refrain from the puzzle piece pleading, as described above.

To that end, should Plaintiff wish to attempt to amend his pleadings, he shall do so on or before **May 18, 2026**. Any third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Any third amended complaint must be complete in and of itself without reference to the original or amended complaints. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

If Plaintiff files a third amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file a third amended complaint, or files one that fails to comply with Rule 8 or the conditions imposed by this Order, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motions for reconsideration, ECF Nos. 8 and 9, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong may file a third amended complaint, if at all, on or before **May 18, 2026**; failure to timely file a third amended complaint, or the filing of one that fails to comply with Rule 8 or the conditions imposed by this Order, will result in this case being dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge