# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM LOUIS ARMSTRONG,<br><br>       Plaintiff,<br><br>UNITED STATES,<br><br>       Involuntary Plaintiff,<br><br>v.<br><br>ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,<br><br>       Defendants. | Case No. 25-CV-1702<br><br>7th Cir. Case No. 26-2488<br><br>**ORDER** |

On November 3, 2025, Plaintiff William Louis Armstrong ("Plaintiff") initiated this action and filed a motion to proceed without prepaying the filing fee. ECF No. 1. On May 29, 2026, the Court dismissed this case as frivolous and for failure to comply with Federal Rule of Civil Procedure 8; at that time, it also denied as moot Plaintiff's motion, ECF No. 4, to proceed without prepayment of the filing fee. ECF No. 12. On July 13, 2026, Plaintiff moved for leave to appeal in forma pauperis. ECF No. 14. Three days later, Plaintiff moved again for leave to appeal in forma pauperis. ECF No. 15.

Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis . . . must attach [to their motion to appeal in forma pauperis] an affidavit that: (A) shows in . . . detail . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."[1] "In non-prisoner cases, our Court of Appeals has established the sensible doctrine that in forma pauperis status requires a plaintiff to show not only financial inability to pay the filing fees but also the advancement of a nonfrivolous claim." *United States ex rel. Ronald v. Austin*, No. 12 C 2274, 2012 U.S. Dist. LEXIS 99588, at *2 (N.D. Ill. July 17, 2022) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)); 28 U.S.C. § 1915(a)(3) (An appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Lee*, 209 F.3d at 1027 (rejecting the idea that good faith requires a subjective inquiry and that frivolousness is merely an objective inquiry because "[t]here is no

---

[1]This is so unless the party "was permitted to proceed in forma pauperis in the district-court action," in which case the party "may proceed on appeal in forma pauperis without further authorization." FED. R. APP. P. 24(a)(3). Such is not the case here. *See* ECF No. 12.

reason why obviously frivolous appeals such as Lee's, appeals bound to be dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge just because the appellant is a lunatic in the literal sense of the word.").

Here, the Court has already found that this litigation is frivolous, ECF No. 12 at 4–6, and that, in addition, sanctions were warranted based on Plaintiff's wholly inappropriate remarks in his filings with this Court. *Id*. at 7–9. Indeed, Plaintiff's most recent complaint, ECF No. 11-1, is rooted in what may be best described as delusional fantasies masquerading as justiciable facts. And Plaintiff's seventy-five-page affidavit in support of his motions to proceed without paying the appellate filing fee, ECF No. 14-1, is yet another example of Plaintiff's disposition toward submitting filings in bad faith. For these reasons, the Court certifies that Plaintiff's appeal cannot be taken in good faith. Therefore, Plaintiff's motions are denied. ECF Nos. 14 and 15.

As such, Plaintiff will not be able to proceed on appeal without paying the appellate filing fee unless the Court of Appeals gives him permission to do so. Plaintiff has thirty (30) days from the date of this Order to request that the Seventh Circuit review the Court's denial of his motions for leave to appeal in forma pauperis. FED. R. APP. P. 24(a)(5). If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal as required by Federal Rule of Appellate Procedure 24. He must also provide a copy of this Order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motions for leave to appeal in forma pauperis, ECF No. 14 and 15, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge