UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

WILLIAM L. ARMSTRONG III,
Plaintiff-Appellant,
v.

U.S.C.A. — 7th Circuit
RECEIVED
AUG 2 7 2026

ALTER TRADING CORPORATION, et al.,
Defendants-Appellees.

**No. 26-2488**

Appeal from the United States District Court for the Eastern District of Wisconsin
No. 2:25-cv-01702-JPS - Hon. J. P. Stadtmueller

# REVISED OMNIBUS MOTION FOR ONE-COPY RELIEF, COUNSEL, ADDITIONAL TIME, APPENDIX RELIEF, PRINTING AND SERVICE, AN ENLARGED WORD LIMIT, AND JAPAN-SERVICE RELIEF

On August 25, 2026, Armstrong filed his opening brief and Rule 30 appendix and spent more than $500 on postage, filing, and service. His previously submitted omnibus motion, despite having been mailed, for whatever reason hasn't been filed and so does not appear on the docket.

Armstrong requests acceptance of one paper copy; appointment of criminal counsel for the appeal and recruitment of counsel under 28 U.S.C. § 1915(e)(1); at least 30 days to amend, substitute, or supplement the opening brief; 5,000 additional words; dispensation from any further appendix; court-officer printing and service; and an extension through August 26 to complete service on the Japan-based appellees.

## I. ONE PAPER COPY SHOULD BE ACCEPTED.

Rule 31(b) permits the Court to determine the required number of copies. The Court should accept the single paper copy filed on August 25 and require one paper copy of each later filing. Armstrong should remain free to furnish additional copies at his election.



Case: 26-2488 Document: 10 Filed: 08/27/2026 Pages: 9

Armstrong's sworn Form 4 shows that disability benefits provide nearly all of his income, ordinary expenses consume that income, and his liquid funds are below the appellate filing fee. The cost of filing and serving the August 25 materials exceeded $500. Requiring multiple paper copies at each remaining stage would make the practical availability of appellate review turn on resources he does not possess. A single legible copy, together with the electronic district-court record and any electronic copy accepted by the Clerk, is sufficient.

## II. THE COURT SHOULD APPOINT CRIMINAL COUNSEL FOR THE APPEAL AND RECRUIT COUNSEL UNDER § 1915(e)(1).

### A. The district court imposed criminal punishment without criminal procedure.

The district court ordered Armstrong to pay a fixed $500 sum to the Clerk for completed conduct in filed papers and barred him from filing throughout the Eastern District of Wisconsin until he pays. The payment compensates no party, corresponds to no loss, and cannot be reduced or avoided through compliance. It is an unconditional fine imposed to punish past conduct.

That sanction is criminal in substance. ***International Union, United Mine Workers of America v. Bagwell***, 512 U.S. 821, 826-30 (1994); ***Lightspeed Media Corp. v. Smith***, 830 F.3d 500, 508-09 (7th Cir. 2016). Inherent authority does not permit punitive monetary liability without the protections required in criminal cases. ***Goodyear Tire & Rubber Co. v. Haeger***, 581 U.S. 101, 108 (2017).

The district court stated that it was not holding Armstrong in contempt, Dkt. 12 at 8. The character of a sanction, however, depends on its substance and operation. ***Betts v.***

***United States***, 10 F.3d 1278, 1283 (7th Cir. 1993); ***Mañez v. Bridgestone Firestone North American Tire, LLC***, 533 F.3d 578, 588-91 (7th Cir. 2008). Because the alleged misconduct consisted of written submissions outside the judge's presence, summary punishment was unavailable. Rule 42 required notice, an independent prosecutor, a meaningful opportunity to defend, and representation by counsel. ***In re Oliver***, 333 U.S. 257, 275-76 (1948); ***Autotech Technologies LP v. Integral Research & Development Corp.***, 499 F.3d 737, 746-47 (7th Cir. 2007).

Rule 44(a) guarantees appointed counsel to an indigent criminal defendant through appeal. ***Doherty v. United States***, 404 U.S. 28, 31-32 (1971). Armstrong became the accused when the district court adjudged his conduct punishable and imposed a criminal sanction. Omitting the Rule 42 proceeding did not eliminate the rights that proceeding was required to provide.

B. Criminal counsel must represent Armstrong in the entire appeal.

The criminal punishment is part of the same order and judgment now on appeal. It rests on the same pleadings, judicial findings, and asserted litigation conduct implicated in the merits. The criminal and civil questions therefore cannot be competently separated into different representations. Counsel responsible for challenging the punishment must be able to examine the complete record, address the dismissal rulings, and determine how every issue should be presented.

The Court should appoint a federal defender or CJA-panel attorney for the entire appeal under Rule 44(a), Rule 42, 18 U.S.C. § 3006A, and the Seventh Circuit Appellate Criminal Justice Act Plan. The absence of a separately numbered criminal

case is a consequence of the procedure challenged on appeal, not a basis for withholding counsel.

### C. Section 1915(e)(1) independently supports recruitment of counsel.

Section 1915(e)(1) authorizes the Court to request an attorney for a person unable to afford counsel. The considerations discussed in ***Pruitt v. Mote***, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc), ***Navejar v. Iyiola***, 718 F.3d 692, 696 (7th Cir. 2013), and ***Walker v. Price***, 900 F.3d 933, 938-40 (7th Cir. 2018), strongly support recruitment here.

Armstrong has repeatedly sought representation using a list containing approximately 20,000 email addresses for Wisconsin lawyers. Only a few lawyers expressed possible interest, and he could not afford their terms. His Form 4 and the cost of the August 25 filing establish his inability to retain counsel.

The appeal presents unusual difficulty. It concerns three screening and dismissal orders; the post-PLRA meaning of § 1915; the interaction of screening with Rules 8, 15, 20, and 21; distinct questions of legal and factual frivolousness; numerous civil-RICO claims and defendants; and criminal punishment imposed without notice. The alleged post-theft vehicle and title transactions include separate conduct attributed to Alter-related defendants, Altech, Toyota Tsusho, and other Toyota defendants. Proper presentation requires claim-specific, defendant-specific, and transaction-specific analysis of a substantial record.

Counsel must evaluate the opening brief, determine whether it should be amended, substituted, or supplemented, respond to the appellees, and preserve both the civil and

criminal issues for further review. Recruitment under § 1915(e)(1) is warranted independently of the right to criminal counsel.

## III. AT LEAST 30 ADDITIONAL DAYS SHOULD BE ALLOWED.

Unexpected incarceration took approximately one week from Armstrong's preparation time while several unrelated legal deadlines converged. The appeal involves numerous claims and defendants, alternative grounds for dismissal, constitutional questions, the construction of § 1915, and criminal punishment embedded in a civil dismissal order. Armstrong met the August 25 deadline under extreme time pressure and at substantial immediate expense.

The Court should allow an amended, substituted, or supplemental opening brief within at least 30 days after counsel appears. If counsel is not appointed, the 30 days should run from the order resolving this motion. The August 25 brief should remain operative until the later presentation is accepted, and the appellees' response period should run from service of that presentation.

## IV. THE OPENING PRESENTATION SHOULD RECEIVE 5,000 ADDITIONAL WORDS.

Rule 32(e) authorizes an enlarged word limit. The opening presentation must address multiple screening orders and dismissal grounds, numerous claims and defendants, the allegations concerning each participant in the post-theft transactions, the disputed construction of § 1915, and criminal punishment that would ordinarily require a separate proceeding. Five thousand additional words are reasonably necessary to present those issues without collapsing distinct claims, parties, or legal standards.



Case: 26-2488 Document: 10 Filed: 08/27/2026 Pages: 9

The enlargement should apply to a substituted opening brief or to the combined word count of the filed brief and an authorized supplement. Alternatively, the Court should exclude case names and quotations from judicial decisions from the count.

## V. THE FILED APPENDIX SHOULD COMPLETE ARMSTRONG'S APPENDIX OBLIGATION.

The August 25 appendix contains the December 1, 2025 screening order, Dkt. 7; the May 11, 2026 screening order, Dkt. 10; the final dismissal order, Dkt. 12; and the judgment, Dkt. 13. The complete district-court record is electronically available.

Under Rule 30(f), the Court should deem the filed appendix sufficient and decide the appeal on that appendix and the original record. It should dispense with every additional, corrected, substituted, or supplemental appendix. If the Court requires additional reproduced material, it should defer production under Rule 30(c) until 21 days after service of an appellee's brief, or set a date if no appellee appears. Any required record-printing expense should be paid as authorized by 28 U.S.C. § 1915(c).

## VI. THE COURT SHOULD PROVIDE A PROCEDURE FOR PRINTING AND SERVICE.

For each later filing on which Armstrong requests assistance, the Court should direct the Marshals Service or another appropriate court officer to perform or arrange printing and service under 28 U.S.C. § 1915(c)-(d), Rules 2 and 25, and the Court's authority to administer the appeal. The procedure should cover any amended, substituted, corrected, or supplemental opening filing; a reply; motions; rehearing papers; a petition for certiorari; and any corrective or additional service the Court requires concerning the August 25-26 filings.



Case: 26-2488 Document: 10 Filed: 08/27/2026 Pages: 9

The order should identify what Armstrong must provide, the officer who will receive it, the time by which it must be delivered, and when printing and service will occur. A deadline should be satisfied when Armstrong timely supplies the required material, and delay attributable to the designated officer should not be charged against him. The Court should also grant any relief available for covered expenses necessarily incurred on August 25.

Electronic notice should constitute service on registered counsel under Rule 25(c)(2). The Court should suspend unnecessary paper service on a named appellee who was never served below and has not appeared. If service of process is required, the Court should direct service under § 1915(d) and specify the materials Armstrong must supply.

VII. GOOD CAUSE SUPPORTS THE AUGUST 26 JAPAN-SERVICE CURE.

Armstrong arrived at the post office on August 25 prepared to mail the complete 108-page volume to every recipient. The volume contained the complete opening brief and an appendix beginning with Dkt. 7 at A-2, Dkt. 10 at A-12, Dkt. 12 at A-23, and Dkt. 13 at A-34. Postal staff informed Armstrong at the counter that they could not accept the Japan packages for delivery without customs forms, and that they were unable to process those forms that night. After the counter closed, Armstrong learned at a self-service kiosk that the customs forms were required because weight caused them to be classified as parcels, as with the other briefs.

To deposit the merits materials before midnight, Armstrong removed only Dkt. 7 and Dkt. 10—appendix pages A-2 through A-22—from the Japan copies. The complete

opening brief, final dismissal order, and judgment remained. With postage affixed, the reduced packages were deposited in a mailbox before midnight.

Good cause under Rule 26(b) supports an extension through August 26. The delay is one day, arose from an international-mail requirement disclosed at the point of mailing, and affects only two orders already available in the record. The Court should permit Armstrong to mail the omitted orders or a complete replacement volume on August 26 and accept a corrected or supplemental proof stating the actual mailing details. Under Rule 25(c)(4), service is complete on mailing. The Court should deem the supplemental or replacement Japan service timely when mailed on August 26.

## VIII. REQUEST FOR RELIEF

Armstrong respectfully requests separate rulings: (1) accepting the single paper copy filed August 25, requiring one copy of later filings, and permitting additional copies at Armstrong's election; (2) appointing criminal counsel for the entire appeal and independently recruiting counsel under § 1915(e)(1) for the whole appeal; (3) allowing at least 30 days for an amended, substituted, or supplemental opening brief, keeping the August 25 brief operative until the later presentation is accepted, and resetting the appellees' response period; (4) allowing 5,000 additional words or the alternative counting relief; (5) deeming the filed appendix sufficient, dispensing with any further appendix and using the original record, or deferring and funding any additional appendix; (6) directing court-officer printing and service whenever requested, specifying the required procedures and performance schedule, protecting deadlines, granting available relief for covered expenses, tailoring prospective service to registered

or appearing parties, directing service under § 1915(d) when necessary, and covering corrective or additional service concerning the August 25-26 filings; (7) extending the Japan-service period through August 26, deeming supplemental or replacement service timely when mailed, and accepting corrected or supplemental proof; and (8) granting all other just relief. Each request is independent, and relief on one request is not a condition of relief on another.

Respectfully submitted,
/s/ William L. Armstrong III
William L. Armstrong III
Pro se
2580 South 34th Street
Milwaukee, Wisconsin 53215
Telephone: (414) 248-1487
Dated: August 26, 2026