# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

**Case No: 26-2488**

**William Armstrong, III v. Alter Trading Corporation, et al**

**Omnibus motion to extend the time to file an appellants brief, to permit the filing of a single appellant's brief at appellant's election, to recruit counsel under both 28 U.S.C. 1915 and Fed. R. Crim. P. 44, to dispense with filing an appendix or to defer the same, for printing and service by Marshalls, and to permit an increased limit for the appellant's brief.**

U.S.C.A. — 7th Circuit
RECEIVED
SEP 02 2026

Here cometh William Armstrong, moving for this court to grant the following relief;

**Permitting the filing of a single appellant's brief**

**Fed. R. Civ. P. 31 (b)**

I ask that the court require me to only file a single appellant's brief. Such an order is allowed by the Fed. R. Civ. P. 31 (b). However I would like to retain the option of submitting additional copies at my election. I'm making this request in interest of cost efficiency. As a merits brief may be submitted prior to resolution of this motion, pending the resolution of this motion I'm relying on this court's representations in its pro se instructions relating to the number of briefs which must be filed, and the same is said with respect to the contents of the appendix, notwithstanding that I may rely on the Fed. R. App. P. 32’s explicit exclusions when calculating the word limits.

***Recruitment of counsel***

**28 U.S.C. 1915 and Fed. R. Cim. P. 44**

I'm asking for recruitment of counsel to represent me during this appeal. I'm moving for this pursuant to both 28 U.S.C. 1915

and Fed. R. Crim. P. 44. I'm unable to obtain counsel. I have a list with roughly twenty thousand emails addresses for attorneys admitted to practice in Wisconsin, and for the claims which are the subject of this appeal I've gone through my list more than once seeking legal assistance. Only a few people even consider working my areas of need and I can't afford to hire them because of indigency.

28 U.S.C. 1915 says that the courts can recruit counsel for anyone unable to afford it. ***Navejar v. Iyiola***, 718 F.3d 692, 696 (7th Cir. 2013): "In a civil case, the court has discretion to recruit counsel to represent a litigant who is unable to afford one." The court should do so in this case even if only out of an abundance of caution, because of the criminal law implications of the summarily imposed unconditional monetary sanction. The unconditional sanction was likely in the nature of a criminal contempt sanction and that's one of the issues in the appeal. ***International Union, United Mine Workers of America v. Bagwell***, 512 U.S. 821, 829 (1994): "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." The nature of a thing is determined by its substance and not by its shadow. While some of the district court's statements suggest that the penalty may not have been a contempt sanction, if it looks like a duck, walks like a duck, and talks like a

duck, then in the context of an appeal which will determine if it was a duck, it's perhaps too early now to determine that it isn't a duck. ***McCoy v. Court of Appeals of Wisconsin, District 1***, 486 U.S. 429, 444 (1988): "Of course, if the court concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." Even looking at the imposition of the filing bar pending payment of the monetary sanction, that's historically strongly associated with the contempt power. ***Hovey v. Elliott***, 167 U.S. 409, 440 (1897): "And upon this head it is to be observed as a general rule that the contemner who is in the contempt is never to be heard, by motion or otherwise, till he hath cleared his contempt, and paid the costs."

The usual practice in this circuit is to determine if a litigant can afford counsel, and to consider if they attempted to obtain counsel and whether or not they were able to. ***Pruitt v. Mote***, 503 F.3d 647, 654 (7th Cir. 2007) (en banc): "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so . . . ." The usual threshold is satisfied in my case, but recruitment of counsel is also independently supported under §1915 on the aforementioned grounds involving the criminal law aspects of the appeal. Some

restrictive language used by this court in other cases is also at issue in my case. My appeal argues that extra textual limits by appeals courts on whom counsel can be recruited for are ultra vires. §1915 unambiguously says that courts may recruit counsel for any person unable to afford counsel. A more restrictive precedential rule conflicts with statute and is unlawful. ***Thomas v. Arn***, 474 U.S. 140, 148 (1985): "Even a sensible and efficient use of the supervisory power, however, is invalid if it conflicts with constitutional or statutory provisions."

However, if I'm correct on appeal respecting the de facto nature of the sanction imposed, and this again goes to issues of judicial impartiality, prejudgement, and due process, then I'm actually entitled to recruitment of counsel independently under Fed. R. Crim. P. 44 if I'm unable to obtain it on my own, and so far I have not been able to for one reason or another. ***Doherty v. United States***, 404 U.S. 28, 31–32 (1971): "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him . . . through appeal." Additionally, if it is in effect a criminal sanction, and I argue that it is, then I should have had a criminal trial where I may have been entitled to recruitment of counsel under other laws. ***Autotech Technologies LP v. Integral Research & Development Corp.***, 499 F.3d 737, 746–47 (7th Cir. 2007):

"requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." My allegedly wrongful conduct was not committed under circumstances where summary criminal contempt sanctions are authorized, and it's well established that such sanctions demand criminal due process protections. ***In re Oliver***, 333 U.S. 257, 275–76 (1948): "The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge . . . ." ***United States v. Dixon***, 509 U.S. 688, 696 (1993): "constitutional protections for criminal defendants . . . apply in nonsummary criminal contempt prosecutions just as they do in other criminal prosecutions."

So I'm asking the court to recruit counsel for the conduct of my appeal, because it's probably, or at least very well may be, effectively a criminal appeal in substantial part, despite originating on the civil docket. ***Betts v. United States***, 10 F.3d 1278, 1283 (7th Cir. 1993): "We must at the outset reject the notion that the type of docket number affixed to the petition by the district court clerk or by the petitioner himself determines whether the proceeding is criminal or civil. . . . The substance

and context, and not the label, of the proceeding appealed from determine its civil or criminal character.” I also am asking more generally for that relief, for the usual reasons.

**Extension of time to file an appellant's brief**

**Fed. R. App. P. 26**

I'm asking the court to extend the time available to me for filing an appellant's brief pursuant to this court's powers under Fed. R. App. P. 26. ***Denofre v. Transportation Insurance Rating Bureau***, 560 F.2d 859, 860 (7th Cir. 1977): “Rule 26(b) . . . expressly empowers us . . . ‘for good cause shown,’ to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure.” If counsel is recruited this request would allow them some time to work on my behalf, and if an increased word limit is allowed this would similarly allow me time to make use of that. I'm asking for at least thirty additional days.

I also could use a bit more time for proceeding pro se. Several legal deadlines coalesced for me during this period of time, and I've had personal difficulties which have made handling my legal business challenging. I lost about a week of productivity in jail. I maintain my innocence and dispute even probable cause. I still haven't had my preliminary examination at the time of

writing. The disruption to my life from sudden incarceration and criminal charges, has amplified my burden from an already challenging workload. The deadlines included without limitation the jurisdictional memorandum by August 3rd, interrogatories and requests for production in a separate civil rights case by August 8th, a statute of limitations for a malpractice claim in tort by ~ August 20th, the docketing statement in this case, and second motion to appeal in forma pauperis in this case.

It's also a very important case for me, I spent four years investigating my claims, and the law that governs my claims, only in my view to be stolen from by Stadtmueller at the threshold of the case. There's a lot of claims at issue in this appeal, without a meaningful amount of reasoning on the record with respect to most of them, and I'm trying to defend myself from what I believe is effectively an indiscriminate culling of my property. I could use another month or so to clean up some things, cut some of the fat out, add some additional protein, and put some spice on it.

It's my intention to devote a significant portion of my brief to what I believe are under-addressed structural issues affecting the application of the §1915 statute and the exercise of inherent sanctioning power, and because the issues that I intend

to present are frequently applicable and underdeveloped in the law, more time for developing my argument is good. I don't know that the ambiguity of the word "shall" post PLRA in light of then contemporaneous law has ever been addressed by the courts. ***Gutierrez de Martinez v. Lamagno***, 515 U.S. 417, 432 n.9 (1995): "Though 'shall' generally means 'must,' legal writers sometimes use, or misuse, 'shall' to mean 'should,' 'will,' or even 'may.'" ***United States ex rel. Siegel v. Thoman***, 156 U.S. 353, 359 (1895): "It is familiar doctrine that, where a statute confers a power to be exercised for the benefit of the public or of a private person, the word 'may' is often treated as imposing a duty, rather than conferring a discretion." To the extent that it's been addressed at all I think it's largely just been taken for granted that "shall" is mandatory.

Guidance for when a sanction may in fact be criminal contempt penalty despite a label by the district court is also thin, but perhaps most significantly, the seventh amendment implications of factual frivolousness dismissal weren't briefed by the appellants in either ***Denton v. Hernandez*** or ***Nietzke v. Williams***, and there's a dearth of law for it. In legal research years even a day can be the difference between the stone age and the space age, and so any extension is appreciated.

**Dispense with filing appendix, or deferral of appendix**

**Fed. R. App. P. 30 (c) & (f)**

I'm moving for this court to dispense with the requirement that I file an appendix in this case, so as to allow the case to proceed with the original record accessible through the currently available avenues. In the alternative, I'm asking the court to permit a deferred filing of my appendix, to spread out the cost stress to me from this appeal, and to allow me to devote a greater portion of my energies to the development of my case in chief during the period available for that filing.

This request would also limit costs, whether I'm required to print and serve myself or if printing and service is carried out by Marshalls. I don't know if my brief will or won't be parcel sized, but it's possible that an appendix would enlarge my envelope to the point where I have to pay parcel prices for each defendant. I've brought my mailing costs down to afford this appeal, but at the post office it's still about $120 to send to each defendant. At parcel prices it's several times that. Serving the appendix separately, may avoid parcel prices. Shrinking my filing to avoid parcel prices would require trimming my brief, but dispensing with the appendix or allowing

a deferred appendix means I'd have to cut less from my brief to stay under size.

**Printing and service by marshalls**

**28 U.S.C. 1915**

I'm moving for this court to order that the Marshalls handle the printing and the service for me in this case if requested by me for a given filing, and that the court provide guidance for how that would be handled, specifically when filings must be provided to the Marshalls unless they permit an exception and when service is expected so that it can be determined if the fault for any lateness would lie with them or me and so that I may be excused if fault lies with them. Incurring some of the costs as debt to the Marshalls may be very helpful to me especially if I can get an order that they handle printing and service for petitioning for certiorari if necessary.

**Increased word limit for appellant's brief**

**Fed R. App. P. 32 (e)**

I'm moving for this court to permit me to file an oversized appeal brief.

To start with, if the sanctions imposed are in fact of a criminal nature then they should be the subject of their own appeals brief submitted with the benefits of a distinct proceeding devoted to those issues. Having to appeal my other issues along with the sanctions, if they're of a criminal nature, disadvantages me relative to what the law actually provides for. An erroneously combined brief without an increased word limit prejudices both my criminal and civil issues.

Second, as I suppose is often the case, since I'm two for two with my appeals, the ordinary word limit will force constitutional issues to fall to the wayside in my principal brief. While I'm able to include some constitutional briefing, I don't see a way forward to meaningfully argue the full breadth of constitutional issues beyond the bare minimum while also meaningfully representing my other claims of error. The word limit on appeals briefs is one of the worst things to happen to constitutional rights ever. So I'm asking for an increased limit so that my constitutional argument can be more developed. A significant portion of my brief is devoted to underdeveloped areas of law, and my constitutional argument shouldn't suffer for it.

Third, a very large number of claims were asserted, and all of them were dismissed on more than one grounds. The extraordinarily high number of defendants and the alternative grounds for dismissal in the order, weigh in favor of a bit more room for briefing the appeal.

Fourth, if counsel is recruited, it may avoid a conflict. I've already exhausted my allotment. I can trim it some it some but I also have other stuff to add. An increased word limit would avoid prejudice from a late recruitment of counsel, that may flow from having to reject everything they suggest cutting or including. At this stage it's not a natural way to work or a natural starting point without more space available.

Fifth, the underdeveloped areas of law at issue in my appeal, which overlap to some extent with constitutional issues, for example the seventh amendment implications of fact based frivolity dismissals, also warrant a more complete briefing than may otherwise be afforded even solely on account of having otherwise been neglected in the development of the law.

Sixth, the complexity of the claims asserted in the district court that are the subject of this appeal, and the unique disadvantages imposed on me compared to other litigants in the

pleading of my claims, in particular page limits which prevented me from attaching my own evidentiary exhibits as part of the complaint, which would have assisted on appeal, weighs in favor of allowing a bit more room to limit or avoid prejudice.

I'm asking for five thousand more words. Additionally and alternatively I'm asking that case names and quotes from cases be excluded from the word count.