U.S.C.A. — 7th Circuit
RECEIVED
OCT 13 2026

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
No. 26-2488
WILLIAM L. ARMSTRONG III, Plaintiff-Appellant,
v.
ALTER TRADING CORPORATION, et al., Defendants-Appellees.
Appeal from the Eastern District of Wisconsin
No. 2:25-cv-01702-JPS
J. P. Stadtmueller, District Judge

**APPELLANT'S EMERGENCY MOTION TO STAY THE FILING BAR AND SANCTION PENDING APPEAL**

Decision requested by October 13 2026

William L. Armstrong III moves under Federal Rules of Appellate Procedure 8(a)(2) and 27 to stay the May 29, 2026 district-wide filing bar and enforcement of the $500 sanction on which it depends. Alternatively, he seeks a complete exemption for *Armstrong v. Gruber Law Offices LLC et al.*, No. 2:26-cv-01784 (E.D. Wis.), allowing him to prosecute the action, perfect service, cure defects, preserve objections, seek relief, and meet every procedural need that arises while this appeal remains pending.

A defendant removed *Gruber* on September 29, 2026. The federal clerk then requested a magistrate-judge consent/refusal form within 21 days. The challenged order directs the same district clerk to return Armstrong's papers unfiled until he pays the disputed sanction. It prevents the requested response and threatens the service and motion practice needed to preserve the removed action. Relief must restore the ability to litigate the case as it develops.

The sanctions cannot survive merely because the district court disliked Armstrong's language or rejected his complaint. The court had to supply lawful authority, notice, an opportunity to respond, and a reasoned connection between the misconduct and the sanction. The record shows substantial failures at each step. Armstrong requests a ruling by October 13, 2026, and an immediate administrative stay covering all participation in *Gruber* while this motion is decided.

## I The removal created immediate filing and service needs

The May 29 order imposed a $500 fine and barred Armstrong from filing any paper in any case in the Eastern District until payment, with exceptions for notices of appeal, criminal-defense and habeas filings, and *Armstrong v. City of Milwaukee*, No. 24-CV-1389-JPS. It expressly reaches reconsideration motions and directs the clerk to return prohibited papers unfiled. *Alter*, ECF No. 12, pp. 8-10 (Exhibit A). *Gruber* falls outside the listed exceptions.

The public *Gruber* docket identifies Milwaukee County Circuit Court No. 26-CV-7646 as the removed action, assigns District Judge Brett H. Ludwig, and reports the September 29 letter concerning consent/refusal before Magistrate Judge Stephen C. Dries. *Gruber*, ECF Nos. 1, 3 and assignment notice (Exhibit C). The reported 21-day period produces an October 20 working deadline. Exhibit C is a public-docket summary; Armstrong requests judicial notice of the actual docket and clerk's letter.

There may also be defects in service on one or more defendants. Armstrong seeks access to the procedures for identifying and curing any defect, including obtaining process, completing or repeating service, filing proof, and requesting extensions. Declaration ¶ 4. Those needs exist alongside the consent form. They cannot be met through an exception confined to a document the court has already ordered him to file.

## II Rule 8 permits this application directly to the Court of Appeals

Moving first in the district court is impracticable under Rule 8(a)(2)(A)(i). The appealed order commands rejection of the very motion that would request a stay there. It provides no leave-to-file procedure and expressly bars reconsideration papers. ECF No. 12, pp. 8-10. This is an obstacle imposed by the order itself, not a prediction that the district judge would rule against Armstrong.

Rule 8(a)(2) permits this Court to stay the appealed order and suspend or modify its injunctive terms. If an initial district-court application is nevertheless required, the Court should immediately authorize the necessary Rule 62(d) application and related papers in *Alter* while exempting all *Gruber* participation during that process. Sending Armstrong back under an unchanged rejection command would leave the filing obstacle intact.

## III Armstrong has made a strong showing of likely success

*Nken v. Holder*, 556 U.S. 418, pp. 434-435 (2009), requires a strong showing of likely success, likely irreparable injury, consideration of harm to other parties, and the public interest. The first two factors are central. Here, reversal of the fine or the filing bar supplies the merits basis for relief. Armstrong need not establish that every claim in the underlying complaint will ultimately prevail to obtain a stay of separately defective sanctions.

### A The sanctioning order supplied punishment without the required prior process

In *Vega v. Chicago Board of Education*, 109 F.4th 948, pp. 954-956 (7th Cir. 2024), this Court vacated sanctions against persons who had not received notice of the specific conduct placing them at risk and an opportunity to respond. The requirement applies to Rule 11 and inherent-power sanctions. General awareness that sanctions are possible is insufficient. The order imposing sanctions cannot itself furnish the required advance notice. *Id.*, pp. 954-955; see also *The Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, p. 720 (7th Cir. 2006). The chronology matters. On May 11, the district court warned that a late or noncompliant amended complaint would result in dismissal. ECF No. 10, pp. 10-11 (Exhibit B). Armstrong then filed his May 18 motions and proposed complaint. On May 29, the court first identified the challenged language as grounds for an additional $500 fine and district-wide filing restriction, and imposed both in that

same order. ECF No. 12, pp. 7-10. Armstrong received no intervening show-cause order or opportunity to contest those sanctions. Declaration ¶ 3.

A warning that a defective complaint will be dismissed does not notify a litigant that language in a later motion will produce a monetary penalty and exclusion from unrelated civil cases. Nor does the opportunity to amend a complaint supply an opportunity to address the legality, amount, scope, or duration of sanctions that have not been proposed. The missing process concerned a different deprivation for separately identified conduct.

Armstrong's reference to possible contempt, quoted by the district court at ECF No. 12, p. 7, does not cure that defect. His demand for an appealable ruling was neither notice from the court that these sanctions were under consideration nor an opportunity to answer an actual sanctions charge. The court expressly declined to hold him in contempt. *Id.*, p. 8. A litigant's challenge to judicial authority does not waive the procedures governing the court's response.

*Vega* permits contextual notice and does not require a separate oral hearing in every case. The relevant context there included an evidentiary proceeding, submissions identifying the alleged misconduct, and a chance to answer the sanctions request. Here, the proposed sanction, adjudication, and district-wide disability arrived together. There was no comparable opportunity for a written

response. That difference establishes a concrete ground for vacatur, independently of whether some properly noticed sanction could later be justified.

**B Rule 11 did not authorize a fine imposed without its required procedure**

The May 29 order cited Rule 11 in its sanctions discussion. ECF No. 12, p. 8. Rule 11(c)(1) requires notice and a reasonable opportunity to respond. For court-initiated sanctions, Rule 11(c)(3) supplies the show-cause procedure directed to specifically described conduct. Rule 11(c)(6) requires an explanation of the basis for the sanction. A citation to the rule in the final sanctioning order does not perform those functions.

The distinction is substantive. Rule 11(b) addresses improper purpose, unwarranted legal contentions, and unsupported factual assertions or denials. It does not make every instance of offensive wording a separately identified violation. Before imposing a fine for the May 18 filings, the court had to identify the violation it proposed to adjudicate and allow Armstrong to address it. The Rule 8 pleading warning concerned the adequacy of the complaint; it was not a Rule 11 show-cause order concerning the later motion's language.

Rule 11(c)(4) permits a penalty payable to the court, but only through a valid Rule 11 proceeding and only to the extent needed for deterrence. The $500 fine cannot be sustained under that rule because the required proceeding never occurred.

Invoking the power to impose a penalty while omitting the procedure limiting that power cannot sustain the order.

**C Inherent authority does not supply an unrestricted alternative power to punish**

*Dietz v. Bouldin*, 579 U.S. 40, pp. 45-46 (2016), imposes two limits on inherent authority: the response must reasonably serve fair judicial administration, and it cannot contradict an express limitation in a rule or statute. Independent due-process requirements remain in force. Reclassifying the May 29 sanctions as inherent-power sanctions therefore does not answer the notice defect.

The monetary sanction presents an additional defect. It is a fixed $500 payment to the clerk for completed conduct. The order identifies no injured party's compensable loss, calculates no resulting expense, and offers no way to avoid the fine by future compliance. ECF No. 12, pp. 8-10. Payment lifts the filing bar, but does not purge the fine; payment satisfies it. Those are different things.

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, pp. 107-109 (2017), distinguishes compensatory inherent-power monetary sanctions from a separate punishment requiring criminal-type procedural protections. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, pp. 827-830 (1994), likewise distinguishes compensatory or purgeable civil contempt from fixed, unconditional punishment. If the $500 is defended as an inherent-power punishment, its noncompensatory character must be confronted. The order cannot

obtain the benefit of Rule 11's express penalty authority while avoiding Rule 11's process, or obtain punitive contempt's effect by declaring that the sanction is not contempt.

Inherent-power sanctions also require findings of willful abuse or bad-faith obstruction. *Vega*, 109 F.4th 948, p. 956. The sanctions discussion describes offensive statements and displeasure with Armstrong's conduct, but does not make the required connection between those words and bad-faith obstruction justifying this monetary penalty and a district-wide disability. Disapproval of expression cannot replace the required legal findings.

**D The district-wide bar is unsupported by the tailoring analysis its scope requires**

The governing decision requires sanctions to be tailored to the abuse. *Support Systems International, Inc. v. Mack*, 45 F.3d 185, p. 186 (7th Cir. 1995). *Donelson v. Hardy*, 931 F.3d 565, pp. 569-570 (7th Cir. 2019), requires proportionality, assessed through the misconduct's extent, harm, the effectiveness of lesser measures, and the case's weakness. Discretion operates through those considerations; the label "sanction" does not eliminate them.

*Mack* involved repeated groundless filings, fraudulent efforts to evade sanctions, unsuccessful monetary sanctions, and continued abuse after prior judicial responses. The Court considered alternatives before adopting its filing restriction and allowed a later application to modify or rescind it. 45 F.3d 185, pp. 185-187.

Case: 26-2488 Document: 18 Filed: 10/13/2026 Pages: 33

Those features explain the remedy. They are not findings that can be imported into Armstrong's case by citation.

The May 29 order did not identify a history of unpaid sanctions, fraudulent evasion, or a failed leave-to-file procedure. It did not assess whether a warning directed to the challenged language, a case-specific restriction, or another narrower measure would work. It imposed the first fine identified in that order and the district-wide bar simultaneously. The failure of repeated monetary sanctions in *Mack* therefore does not establish that lesser measures were ineffective here.

The order also lacks an explanation for reaching papers in unrelated cases regardless of their purpose or merit. It blocks a consent form requested by another judge's court, applications for service that federal law permits after removal, and filings needed to preserve objections and oppose disposition. The listed criminal, habeas, appeal, and City of Milwaukee exceptions do not explain the exclusion of these papers. The May 29 order states no review date or leave procedure and does not examine how Armstrong's resources affect the payment condition's duration. These omissions matter even if some sanction for the *Alter* filings was permissible. No analysis connects the identified conduct to a need to prevent every form of participation in a different action brought into federal court by opposing parties.

The bar also depends entirely on payment of the disputed fine. If that fine falls for

want of authority or process, the order supplies no independent adjudicated basis for continuing to deny access until it is paid.

### E The court could not substitute offense at criticism for a lawful sanctions analysis

The sanctions discussion centers on language criticizing the court and the legal profession, including an exhibit containing a private exchange submitted with Armstrong's papers. ECF No. 12, p. 7. The order calls the statements inappropriate but identifies no previously announced rule governing those particular expressions. To the extent it enforced an uncodified decorum requirement, Rule 83(b) required actual notice of that requirement in this case before imposing a sanction or disadvantage.

*In re Snyder*, 472 U.S. 634, pp. 645-647 (1985), reversed an attorney's suspension arising from a harsh letter criticizing judicial administration. The Court distinguished criticism and rudeness from conduct sufficient to justify the particular disciplinary sanction. *Snyder* requires an actual distinction between harsh criticism and grounds sufficient for the sanction imposed. *Holt v. Virginia*, 381 U.S. 131, pp. 136-138 (1965), likewise reversed contempt fines for presenting judicial-bias motions necessary to a defense. The constitutional right to be heard included the right to present those objections; their insulting effect did not supply a sufficient basis for punishment.

That distinction is essential here. Armstrong's criticism was part of submissions challenging the court's administration of his case. The court could adjudicate those objections and enforce applicable rules. It could not dispense with notice, a valid source of penalty authority, and findings supporting a district-wide bar because the criticism was expressed in terms it found offensive. Those defects require vacatur of the sanctions.

**F Removal supplies an additional reason for complete relief in *Gruber***

*Matter of Skupniewitz*, 73 F.3d 702, pp. 705-706 (7th Cir. 1996), addressed a state action removed by defendants despite the plaintiff's Mack bar. It protected responsive participation and required the district court to allow responses to defendants' motions that could produce final judgment. Its analysis recognized the due-process problem with adjudicating a removed action while excluding the plaintiff's answer to dispositive demands.

*Skupniewitz* continued to prohibit affirmative motions and discovery requests under the existing bar. Armstrong therefore seeks an express stay or modification covering both affirmative and defensive participation. The basis for that broader relief is the likely invalidity of his own sanctions, reinforced by the need to litigate the removed case. The nonprecedential decision in *Patel v. University of Notre Dame Du Lac*, No. 22-2251, slip op. pp. 2-4 (7th Cir. Mar. 7, 2023), does not resolve that challenge: Patel did not challenge the underlying bar and sought to

repeat federal claims against the same defendant after many failed suits. This motion directly attacks the sanctioning order under review.

Service makes the needed scope concrete. Section 1448 authorizes completion of service or issuance of new process after removal where defendants were unserved or service was incomplete or defective. *UWM Student Association v. Lovell*, 888 F.3d 854 (7th Cir. 2018), slip op. pp. 4-8, applies § 1448 with Rule 4(m) and explains the post-removal service period and the court's power to extend it. A restriction allowing only the consent form or defensive responses would still prevent Armstrong from requesting process, proving service, or seeking necessary extensions. Those affirmative steps may be indispensable to keeping defendants and claims in the case.

Full participation includes applications to proceed in forma pauperis, supporting financial papers, and requests for issuance and service of process under 28 U.S.C. § 1915(a)(1), (d), and Rule 4(c)(3). Once a plaintiff is authorized to proceed in forma pauperis, Rule 4(c)(3) requires court-directed service upon request. The stay must cover the applications and related submissions needed to obtain, implement, renew, or seek review of that relief so Armstrong can complete service.

## IV The bar threatens loss of litigation rights before appellate review concludes

The injury is present. The federal case is on the docket, a response has been requested within a stated period, and the clerk remains directed to reject

Armstrong's papers. He also needs to determine whether service must be completed or corrected. The bar deprives him of the means to take those steps on time. Preparing a paper that the clerk must return does not preserve a filing deadline.

Removal also creates time-limited choices independent of any later court order. Section 1447(c), for example, generally requires a motion based on a nonjurisdictional removal defect within 30 days of the notice of removal. If the reported September 29 filing date controls, that period ends October 29. Armstrong must be able to investigate the grounds, preserve any available objection, and file a supported motion within the applicable period. Nothing in this motion concedes that removal or service was valid or that any particular defect exists.

Rule 4(m) likewise creates a service timetable, and a request to extend or cure may have to precede a ruling adverse to Armstrong. Later stages can require amendments, discovery motions, evidentiary submissions, objections, and responses to dispositive motions. An exception that becomes usable only after a judge expressly orders a particular filing leaves ordinary rights dependent on repeated emergency applications.

The threatened loss is therefore the ability to preserve and litigate claims and objections, not merely the amount of the fine. Repayment of $500 after reversal would not restore a waived removal objection, undo the consequences of untimely

service, or reconstruct an opportunity to present evidence at the required time. A later appeal from *Gruber* is not an adequate substitute for participating before those losses occur. The requested stay prevents those consequences while this Court decides whether the sanctioning order was lawful.

## V The equities and public interest favor suspending the challenged sanctions

The *Alter* appellees have no legitimate interest in obtaining litigation advantages from a sanction imposed without required process. A stay preserves ordinary access while leaving each claim, defense, motion, and objection to be decided under the rules that govern it. A *Gruber* defendant chose the federal forum. Requiring the defendants to litigate against a plaintiff able to use its procedures creates no legally cognizable prejudice beyond the ordinary burdens of litigation. The public interest favors adjudication through notice, an opportunity to be heard, and lawful procedure. The district court retains its ordinary authority to manage cases and address actual misconduct through properly supported orders. Suspending this particular bar does not eliminate that authority. It prevents a disputed sanction from causing losses in another action before appellate review can be effective.

No bond should be required. The requested access to litigation creates no identified compensable loss to an opposing party. The $500 remains subject to this appeal, and a temporary stay preserves the ability to enforce it if affirmed. If the Court

conditions a stay of collection on security, it should sever that condition from the stay of the filing restriction so that access to *Gruber* does not remain blocked. Fed. R. App. P. 8(a)(2)(E).

**VI Requested order**

Armstrong requests a stay of the May 29 filing restriction and enforcement of the $500 sanction until issuance of the mandate in this appeal or further order. The stay should expressly suspend the payment prerequisite and the direction to return papers unfiled.

Alternatively, the Court should exempt Armstrong's full participation in *Gruber* from the filing restriction for the same period. The exemption should cover the consent/refusal form; applications to proceed in forma pauperis and supporting financial affidavits, declarations, and records; related motions, responses, renewals, and requests for reconsideration or review; requests for issuance and service of process under 28 U.S.C. § 1915(d) and Rule 4(c)(3), including service by the United States Marshals; issuance or reissuance of summonses and other process; completing, perfecting, or correcting service; waivers and proofs of service; extensions; amendments and supplements; jurisdictional and removal objections; remand motions; discovery, subpoenas, and related motions; responses, replies, and objections; evidence, hearings, trial, and dispositive practice; settlement, judgment, postjudgment proceedings, enforcement, and preservation or pursuit of

review; and all other filings or procedural steps arising in the action. This list is illustrative, not exhaustive. No separate appellate permission should be required for an unlisted step.

The district clerk should be directed to accept and process the covered papers and requests for process without applying the May 29 restriction. Ordinary procedural requirements and judicial rulings remain applicable. If a final ruling on this motion cannot issue promptly, the Court should enter an immediate administrative stay providing that complete *Gruber* exemption while the motion is considered. If an initial district-court motion is required, the interim order should also authorize that application and the papers needed to obtain a ruling.

The circuit clerk should transmit the order promptly to the Eastern District clerk for association with *Alter* and *Gruber*. Armstrong requests expedited consideration by October 13, 2026, with any response schedule needed to provide reasonable notice under Rule 8(a)(2)(C).

Submitted,

William Armstrong

William L. Armstrong III, pro se
2580 S. 34th St.
Milwaukee, WI 53215
(414) 248-1487
Dated: October 7, 2026

Case: 26-2488 Document: 18 Filed: 10/13/2026 Pages: 33

## DECLARATION OF WILLIAM L. ARMSTRONG III

I, William L. Armstrong III, declare under 28 U.S.C. § 1746:

1. I am the appellant in No. 26-2488 and the plaintiff in *Gruber*, No. 2:26-cv-01784.

2. I remain subject to the May 29 filing bar and have not paid the $500 sanction. Exhibit A is the order; Exhibit B contains the May 11 order's concluding pages.

3. Before May 29, I received no show-cause order or other notice giving me an opportunity to contest the proposed fine and district-wide filing restriction before they were imposed.

4. I filed *Gruber* in state court and did not remove it. There may be defects in service on one or more defendants. I intend to determine what service or corrective action is necessary and to take all available steps to perfect service and cure defects.

5. I intend to submit the requested consent/refusal form, preserve available objections, and prosecute *Gruber* as its needs arise. I need filing access for those purposes. The deadline information reported in the motion comes from the public docket entries identified in Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2026, at 8:01 AM.

William Armstrong

William L. Armstrong III

# EXHIBIT A

## May 29, 2026 Order

*Armstrong v. Alter Trading Corporation et al.*

United States District Court for the Eastern District of Wisconsin
Case No. 2:25-cv-01702-JPS
ECF No. 12

Complete order, original pages 1-11.

Original page numbers and electronic filing stamps are preserved.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

Plaintiff,

UNITED STATES,

Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,

Defendants.

Case No. 25-CV-1702

## ORDER

Case: 26-2488 Document: 18 Filed: 10/13/2026 Pages: 33

In November 2025, Plaintiff William Louis Armstrong ("Plaintiff" or "Armstrong") initiated a suit against Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady, LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation, Toyota Motor North America, Toyota Motor Sales, USA, Toyota Financial Services, Toyota Tsusho Corporation, Toyota Tsusho America Inc., Altech Recycling LLC, Jeffrey Goldstein, Kathy Goldstein, Richard Goldstein, Josh Millan, Marc Goldstein, Nathan Millan, Samantha Goldstein, Lauren Goldstein, Jeremy Goldstein, Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint). At that same time, he also brought a motion to proceed without prepayment of the filing fee. ECF No. 4.

In early December 2025, the Court screened his complaint, advising Plaintiff to amend his complaint so that it comported with Federal Rule of Civil Procedure 8 and the Court's pleading instructions. ECF No. 7 at 9–10. Specifically, the Court ordered Plaintiff to file, by December 22, 2025, an amended complaint not to exceed fifteen (15) pages or include more than ten (10) defendants. *Id.* at 9. On December 22, 2025, Plaintiff filed a proposed second amended complaint. ECF No. 9-1. On May 11, 2026, the Court screened that complaint but declined to accept it, noting that it amounted to what other courts have called a "puzzle pleading." ECF No. 10 at 10 (citing *U.S. Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 897

(N.D. Ill. 2021)). At that time, the Court gave Plaintiff one more week to file a complaint that complied with Rule 8 and the Court's instructions. *Id.* at 10.

On May 18, 2026, Plaintiff filed, along with his proposed third amended complaint, ECF No. 11-1, several motions contained within one filing: seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders. ECF No. 11. For the reasons set forth below, the Court will dismiss this case with prejudice. *See infra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See infra* Section 4.2.

## 3. RELEVANT ALLEGATIONS

Plaintiff repeats a series of disparate allegations, appearing to allege claims against over forty defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Wisconsin's corollary law for alleged misconduct that dates back to at least 2012. ECF No. 11-1 at 5–14. As in his second amended complaint, ECF No. 9-1 at 5, Plaintiff primarily sues for violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d) and Wisconsin Statutes §§ 946.83(1), (2), and (3). ECF No. 11-1 at 3. Plaintiff also repeats various criminal provisions under both state and federal law but, again, provides no legal basis for a private civil right of action for any of them. *Id.* at 5–14 (citing 18 U.S.C. §§ 1341, 1343, 1951, 1952, 1956, 1960, and 2321 and WIS. STAT. §§ 180.0129, 943.02, 943.20, 943.30, 943.39, 943.60, 946.32, and 961); ECF No. 9-1 at 5–18. At the very end of the third amended complaint,

Plaintiff re-attaches a table entitled "Predicate Acts Chart (Mail and Wire Fraud)" that purports to list out certain wrongful acts or statements made by, seemingly, certain actors of Toyota and its affiliates. *Compare* ECF No. 9-1 at 19 *with* ECF No. 11-1 at 15.

## 4. ANALYSIS

### 4.1 Dismissal

The Court will dismiss Armstrong's case because he failed to adhere to the Federal Rule of Civil Procedure 8 and the Court's prior instructions, ECF Nos. 7 and 10, and because the allegations in his third amended complaint are downright frivolous.

To begin, his third amended complaint once *again* names more than forty (40) Defendants, ECF No. 11-1, in direct contradiction to the Court's prior orders. ECF No. 7 at 9 (limiting him to no more than fifteen (15) Defendants); ECF No. 10 at 10 (same). Plaintiff's assertion that his third amended complaint complies with the Court's page limitations, ECF No. 11 at 3, ignores the Court's remaining instructions: to limit the number of Defendants. While the Court can appreciate Plaintiff's attempt to "rearrange the [D]efendants so that a tentative preferred ten are the first ten when the list is read as left half first and right half second," the Court still has problems discerning the who, what, when, where, how, and why which Defendants did what or what they allegedly did. *Id.*

For instance, in reviewing his third amended complaint, Plaintiff alleges that the facilities belonging to "Alter Transloading & Logistics" were used for "drug smuggling" and that "Alter Trading Corporation, Alter Transloading & Logistics, Miller Compressing Company, and Seven Stars Auto Parts LLC were principals." ECF No. 11-1 at 8–9. However, Plaintiff never provides any facts explaining what these companies did to support this assertion. In another instance, he suggests that the "Goldstein


Case: 26-2488 Document: 18 Filed: 10/13/2026 Pages: 33

companies" engaged in a "pattern of felony fraud arson," and while he identifies certain individuals with the last name Goldstein, he never identifies the Goldstein companies to which he refers. *Id.* at 12.

The Court, therefore, finds that Plaintiff has failed to address the Rule 8 pleading deficiencies about which this Court has repeatedly warned Plaintiff. ECF No. 7 at 7–9 (giving him a chance to correct his impermissible "kitchen sink" pleading approach (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)); ECF No. 10 at 7–9 (giving him a chance to correct his "puzzle pleading" (quoting *Winemaster*, 529 F. Supp. 3d at 897 (N.D. Ill. 2021)).

In addition, the Court finds that Plaintiff's allegations are at best wholly "delusional" and that the case warrants dismissal on this basis as well. *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013). To start, Plaintiff discuses a racketeering enterprise involving the Goldstein family that dates back almost fifteen years. ECF No. 11-1 at 5, 10, and 11 (discussing alleged co-conspirators Michael and Robert Goldstein's role in the "2012 [m]oney laundering"). He suggests that the Goldstein companies are "criminal treasuries" for the "Jewish Mafia." *Id.* at 11. He further suggests that he does not "know who was killed" or "where the bodies are buried" but that they are "made men" and that "[t]hey're more likely than not 'made' to even be in their positions, like Pablo Escobar's babysitters." *Id.* Considered together, these allegations mirror those in *Holland*, where the Seventh Circuit upheld the dismissal of a complaint that alleged that defendants had plotted, for over twenty years, a "wide-ranging conspiracy" against the plaintiff. 503 F. App'x at 477.

While pro se pleadings are to be construed liberally, such filings must still comply with rules that govern civil cases, and court orders. *See Whitfield v. Synder*, 263 F. App'x 518, 521 (7th Cir. 2008) (citing *McNeil v.*

*United States*, 508 U.S. 106, 113 (1993) and *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)). The Court "will not invent legal arguments for litigants," even if pro se, "and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.'" *Wilburn v. Kroll Substance Abuse Training*, No. 10-CV-174, 2010 WL 2178963, at *2 (S.D. Ind. May 27, 2010) (quoting *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). The Court will certainly not do that here, where Plaintiff has had multiple chances to correct his pleadings and is well-aware of this Court's screening process. ECF Nos. 7 and 10; City of Milwaukee Case, ECF Nos. 13 and 16.

Because "the Court has already screened" his "original complaint" (and his subsequent one) and "provided guidance to assist with his claims," the Court "finds that further amendment would be futile" and will dismiss this case. *Johnson v. Fisher*, No. 24-CV-454-JPS, 2024 WL 3965075, at *3 (E.D. Wis. Aug. 28, 2024) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015)). The dismissal will operate with prejudice. *Cable v. Kuraray Am., Inc.*, No. 24-1233, 2024 WL 4499766, at *2 (7th Cir. Oct. 16, 2024) (affirming dismissal of case for "noncompliance with the federal rules" and "failure to obey reasonable orders" (citing *Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022)); *Luffman v. Collinsville Cmty. Unit Sch. Dist. #10*, No. 25-CV-00842-SPM, 2025 WL 1568299, at *4 (S.D. Ill. June 3, 2025) (dismissal with prejudice, in relevant part, for failure to comply with Federal Rule of Civil Procedure 8 following multiple opportunities to amend); *Greyer v. Does*, No. 24-CV-301-JPS, 2024 WL 1051213, at *2 (E.D. Wis. Mar. 11, 2024) (dismissing frivolous case with prejudice) (citing *Holland*, 503 F. App'x at 478 and *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013)).

### 4.2 Sanctions

The Court is faced with a litigant who has not only disregarded the Federal Rules of Civil Procedure and the Court's pleading instructions, but who has also submitted outrageous written statements that are wholly inappropriate for any litigant to make. The Court will briefly summarize some of the most concerning content. When discussing why the Court should appoint counsel, Plaintiff argues that "[p]erhaps professional counsel is more able to bend over spread their ass[es] and let you fuck them and their clients unlawfully than I am, and may have pointers that will help me to tolerate it." ECF No. 11 at 4. He further suggests that the Court's screening order is an "illegal order" that he is "not going to follow," "[l]ike if you told me to suck your dick I wouldn't." *Id.* Plaintiff characterizes the Court's screening orders as emblematic of "mob prosecution." *Id.* at 6. He insinuates that Court staff has "dementia." *Id.* at 11. He attaches what he defines as "an exhibit showing that [he] is terrible to AI," which is five pages worth of a profanity-laced dialogue with AI. ECF No. 11-2. Plaintiff acknowledges how inappropriate his behavior is, writing that "[i]f you want to hold me in contempt, hold me in contempt, and let me appeal the contempt sanction." ECF No. 11 at 5.

In light of these circumstances, the Court finds that sanctions are warranted here. "[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). To this end, the Court may implement sanctions "narrowly

tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-cv-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and FED. R. CIV. P. 11).

Here, the sanction will not be to hold Plaintiff in contempt. Rather, the Court will impose a monetary fine of $500 as a sanction. Considering that a court in the Western District of Wisconsin dismissed a case for a litigant's use of similar inappropriate language, *Luedtke v. Keyes*, No. 22-cv-589-jdp, 2023 WL 2894535, at *1 (W.D. Wis. Apr. 11, 2023), and the fact that dismissal is the "ultimate sanction," *Long v. Steerpo*, 213 F.3d 983, 986 (7th Cir. 2000) (citing *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996)), the Court finds that a $500 sanction is more than warranted here. *Cf. Neal v. LaRiva*, 765 F.3d 788, 791 (7th Cir. 2014) (upholding prior $500 fine and imposing an additional $500 fine for repeated frivolous filings); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (imposing $500 fine on serial litigant); *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021) (imposing a $1,000 sanction on serial litigant); *Kimbrell v. Poipu Holdings, LLC*, No. 1:25-cv-01147-JEH-RLH, 2025 WL 2375399, at *2 (C.D. Ill. Aug. 13, 2025) (denying motion to rescind $500 fine on serial litigant).

Until Plaintiff pays the $500 monetary sanction in full, he will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those addressed in this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a

defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)); *cf. Neal*, 765 F.3d at 791 (upholding similar limitations as to serial litigant). It will also not include any papers that Plaintiff may file in his ongoing lawsuit: *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024) ("City of Milwaukee Case"). The Clerk of the Court will be directed to return unfiled any papers submitted in violation of this Order until Plaintiff has paid the monetary sanction in full.

## 5. CONCLUSION

For the reasons discussed herein, the Court will dismiss this case with prejudice. *See supra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See supra* Section 4.2.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion to proceed without prepayment of the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's motion seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel,

and to reconsider the prior screening orders, ECF No. 11, be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong shall **REMIT** to the Clerk of the Court a monetary sanction in the amount of $500;

**IT IS FURTHER ORDERED** that until such time as Plaintiff William Louis Armstrong pays the $500 monetary sanction in full, he will be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant, any application for habeas corpus, and any papers in *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024); the Clerk of the Court shall **RETURN UNFILED** any papers submitted in violation of this Order; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

# EXHIBIT B

## May 11, 2026 Order

*Armstrong v. Alter Trading Corporation et al.*

United States District Court for the Eastern District of Wisconsin
Case No. 2:25-cv-01702-JPS
ECF No. 10

Excerpt, original pages 10-11.

Original page numbers and electronic filing stamps are preserved.

Case: 26-2488    Document: 18    Filed: 10/13/2026    Pages: 33

## 5. CONCLUSION

For the reasons discussed herein, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying the file fee, ECF No. 4, but denies as moot his motions to reconsider, ECF No. 8 and 9. Should Plaintiff wish to amend, the Court will allow him to do so once more, but Plaintiff's third amended complaint may not exceed fifteen (15) pages nor include more than ten (10) defendants. Plaintiff should also refrain from the puzzle piece pleading, as described above.

To that end, should Plaintiff wish to attempt to amend his pleadings, he shall do so on or before **May 18, 2026**. Any third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Any third amended complaint must be complete in and of itself without reference to the original or amended complaints. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

If Plaintiff files a third amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file a third amended complaint, or files one that fails to comply with Rule 8 or the conditions imposed by this Order, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motions for reconsideration, ECF Nos. 8 and 9, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong may file a third amended complaint, if at all, on or before **May 18, 2026**; failure to timely file a third amended complaint, or the filing of one that fails to comply with Rule 8 or the conditions imposed by this Order, will result in this case being dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Case: 26-2488 Document: 18 Filed: 10/13/2026 Pages: 33

# EXHIBIT C

**Public docket information for the Gruber action**

**Case:** *Armstrong v. Gruber Law Offices LLC et al.*
**Federal number:** 2:26-cv-01784
**Court:** Eastern District of Wisconsin
**District judge:** Brett H. Ludwig
**State case:** Milwaukee County Circuit Court No. 26-CV-7646

**September 29, 2026, ECF No. 1.** A notice of removal was filed with the state summons and complaint attached.

**September 29, 2026, ECF No. 3.** The clerk's letter to Plaintiff concerns judge assignment and consent/refusal concerning Magistrate Judge Stephen C. Dries. The entry reports a request to file the form within 21 days. A same-day assignment notice also states that period.

**Source:** Justia public docket listing, accessed October 1, 2026. The listing states that it was last retrieved September 29, 2026.

https://dockets.justia.com/docket/wisconsin/wiedce/2%3A2026cv01784/118466

This exhibit summarizes the public listing. It is not an official docket report or a reproduction of the clerk's letter. The underlying entries are identified for verification in the court's record.