U.S.C.A. – 7th Circuit
RECEIVED
NOV 20 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

William L. Armstrong III, Plaintiff-Appellant

v.

Alter Trading Corporation, et al., Defendants-Appellees

**No. 26-2488**

**Appellant's emergency motion to suspend the fee deadline pending Supreme Court review and appoint counsel**

**Action requested before November 24, 2026**

I request immediate suspension of the November 24, 2026 appellate-fee deadline and dismissal for nonpayment, continuing through disposition of my timely petition for certiorari or other writ and any ensuing review. The November 10 fee order is attached. App. Dkt. 20. I also renew my request for appointed counsel under Criminal Rule 44. An interim suspension should protect the appeal while this motion is decided.

My complaint stated racketeering claims. The district court's failure-to-state-a-claim ruling was legal error that rendered the frivolousness and futility findings infirm. The same is true for other legal errors described in my appeal, such as treating screening of my nonprisoner action as mandatory before IFP authorization, replacing ordinary pleading and joinder rules with fixed page and defendant caps, disregarding the governing rules for construing my pleading, and requiring a separate private civil remedy under the statutes defining alleged racketeering predicates. ***Pullman-Standard v. Swint*** requires remand for findings made infirm

by legal error unless the record permits only one factual resolution. 456 U.S. 273, 292 (1982).

The district court also fined me $500 for my motion's disrespectful language and barred unrelated civil filings and reconsideration until payment. Dist. Dkt. 12, pp. 7–10. It imposed these sanctions without the advance notice and opportunity to be heard required by ***Roadway Express, Inc. v. Piper***, 447 U.S. 752, 767 (1980). The fine punished completed speech, compensated no loss, and could not be avoided through compliance. That punishment required criminal protections. ***International Union v. Bagwell***, 512 U.S. 821, 826–30 (1994); ***Goodyear Tire & Rubber Co. v. Haeger***, 581 U.S. 101, 108 (2017). The bar coerces payment, but the fine is punitive and its criminal character is dominant for purposes of review. ***Hicks v. Feiock***, 485 U.S. 624, 638 n.10 (1988). I received none of the criminal process required for the punishment imposed: notice of a criminal charge, an opportunity to defend against it, adjudication of guilt beyond a reasonable doubt, or appointment of counsel.

Federal Rule of Appellate Procedure 26(b) permits this Court to extend its own deadline for good cause, and Rule 27(b) permits immediate action on that procedural request. The November 10 order imposed the fee deadline now at issue; the October 14 order denied a stay of the district court's fine and filing bar. App. Dkts. 19–20. I seek Supreme Court review of the completed IFP denial under 28

U.S.C. § 1254(1). ***Adkins v. E. I. DuPont de Nemours & Co.***, 335 U.S. 331, 335–36, 344 (1948), confirms that route of review in a civil appeal.

Any nonfrivolous issue establishes good faith under § 1915(a)(3). ***Coppedge v. United States***, 369 U.S. 438, 445 (1962). ***Ellis v. United States*** holds: "The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit." 356 U.S. 674, 674–75 (1958). My appeal urged a construction of § 1915(e)(2)(B)(i) that preserves jury resolution of disputed merits facts by limiting the provision to legal frivolousness and any preliminary factual assessment to eligibility for fee relief. Opening Br. 54–55. That constitutional-avoidance argument supports good-faith modification of existing law, a proper basis for appeal even where existing law supports dismissal. See ***Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.***, 508 U.S. 49, 65 (1993); ***McKnight v. General Motors Corp.***, 511 U.S. 659, 660 (1994) (per curiam).

The law and my appeal both distinguish dismissal of a complaint from dismissal of an action. ***Jung v. K. & D. Mining Co.***, 356 U.S. 335, 337–38 (1958); Opening Br. 22–31. My IFP affidavit's statement of issues and opening brief challenged both the judgment dismissing my action with prejudice and the sanctions. Dist. Dkt. 13. But despite ***Ellis*** and that distinction, this Court denied IFP on November 10, stating: "The appellant has not made a potentially

meritorious argument that the district court erred in dismissing the complaint." App. Dkt. 20. That rationale addressed a form of dismissal that was not the object of my appeal and left the modification argument and the independent sanctions challenge unanswered. The Supreme Court requires district courts to address timely nonfrivolous arguments when exercising discretion, reinforcing the obligation to consider these grounds for appeal. ***Golan v. Saada***, 596 U.S. 666, 679 (2022); ***Concepcion v. United States***, 597 U.S. 481, 501–02 (2022).

Robert and Michael Goldstein, Goldstein Group, and MCC Holdings participated in Alter's 2012 acquisition of Miller, a money-laundering transaction involving criminal proceeds. In 2014, a towing operator supplied Alter at least 143 stolen vehicles using falsified VIN reports; Alter continued receiving his stolen cars after discovering the falsification. In 2019, Goldstein Group, Alter, Miller, and Seven Stars participated in further money laundering when Seven Stars was transferred to Miller. In 2021, my vehicle went through a similar towing-and-salvage chain after Chanel stole it: All Seasons and Anthony Gardner delivered it to Seven Stars, which delivered it to Alter and Miller for shredding. Seven Stars and Alter knowingly transmitted false title representations regarding my vehicle; Alter, Miller, and Seven Stars destroyed my stolen car and others and knowingly possessed altered-VIN vehicles and parts for disposal. My 2022 recovery efforts met an extortionate threat by Bryan Downer after he consulted with the parent

companies' lawyers. Altech processed aluminum from stolen cars for use in Toyota vehicles, linking the salvage operation to Toyota's fraudulent vehicle distribution and collections. Dist. Dkt. 11-1, pp. 3–9, 13–14.

These allegations state federal and Wisconsin racketeering claims. The use of racketeering income to acquire and operate the businesses that destroyed my car supports § 1962(a); acquiring and maintaining control of those businesses through the pleaded transactions supports § 1962(b). Taking and retaining my car also acquired control over my own sole proprietorship, further supporting my claims under § 1962(b). The participants' conduct of the salvage and distribution operations through the pleaded pattern supports § 1962(c), and their agreement to facilitate that racketeering supports § 1962(d), with the resulting acts causing the same loss. Section 1964(c) supplies the civil remedy for the resulting property and business injuries. The corresponding Wisconsin claims arise under Wis. Stat. § 946.83(1)–(3), with civil relief under § 946.87(4). Dist. Dkt. 11-1, pp. 3–15; Opening Br. 44–46.

***Denton v. Hernandez*** requires the initial factual assessment to be weighted in my favor and reserves factual-frivolousness dismissal for the irrational or wholly incredible. 504 U.S. 25, 32–33 (1992). The district court instead indiscriminately deemed my allegations "at best wholly 'delusional,'" mentioning the alleged enterprise's duration and quoting selected rhetoric. Dist. Dkt. 12, p. 5. That

conclusory characterization supplies no basis for deeming the pleaded receipt and destruction of stolen vehicles or the action as a whole factually frivolous. The failure to weigh the assessment in my favor was legal error, illustrated not least by the court's treatment of a common figure of speech recognizing the limits of my knowledge as an indication of delusion. Opening Br. 35. My brief explains why the allegations selected by the court were actually supported by rational inference. Opening Br. 33–36. The court also declared further amendment futile, citing what it called "guidance." Dist. Dkt. 12, p. 6. But those screening orders misapplied the governing pleading rules, for example, by treating expressly pleaded facts as missing. Opening Br. 27–30. The plain legal and factual errors render the frivolousness and futility findings infirm and have deprived me of fair process.

My damages claims for injury to property and business carry a Seventh Amendment jury right. ***Curtis v. Loether***, 415 U.S. 189, 194–96 (1974). I expressly demanded a jury, but dismissal with prejudice on factual-frivolousness grounds foreclosed jury determination of the facts concerning receipt and destruction of my stolen car. Dist. Dkt. 11-1, p. 3; Dist. Dkt. 12, pp. 5–6, 10.

Neither ***Neitzke*** nor ***Denton*** decided the Seventh Amendment limits on factual-frivolousness dismissal in IFP proceedings. ***Tellabs v. Makor*** upheld a heightened pleading standard that assumed the factual allegations true and left credibility and genuine factual disputes to the jury. 551 U.S. 308, 326–28 (2007). ***Perttu v.***

***Richards*** applied constitutional avoidance to construe the PLRA to require jury resolution of an exhaustion dispute intertwined with the merits of a claim carrying a jury right. 605 U.S. 460, 468–73 (2025).

The first screening order's fifteen-page and ten-defendant ceilings constrained the proposals later deemed incurable. Dist. Dkt. 7, p. 9. Equality of consideration is Congress's overarching goal under § 1915. ***Neitzke v. Williams***, 490 U.S. 319, 329 (1989). Other than the departures Congress specified, that equality is the process that is due. ***Jones v. Bock***, 549 U.S. 199, 214 (2007). Rule 20 permits joinder based on common questions and the same transaction or series of transactions. The numerical ceilings substituted a head count for that inquiry and limited my ability to plead the connected acts and participants. Rule 21 expressly forbids dismissal of an action for misjoinder. I should not have been greatly disadvantaged by the court compared to nonindigent litigants and/or counseled litigants because of my poverty.

Section 1915(e)(2)(B) conditions dismissal of "the case" on a listed determination concerning "the action or appeal" as a whole. Congress expressly authorized dismissal of portions of prisoner complaints in § 1915A(b), but omitted that authority from § 1915(e)(2)(B). *See* ***Jones v. Bock***, 549 U.S. 199, 222 (2007). Supervisory power cannot convert § 1915(e)(2)'s "at any time" authority into compulsory screening before IFP authorization. ***Dietz v. Bouldin***, 579 U.S. 40, 45–

46 (2016). My appeal challenged unauthorized partial excision of nonprisoner complaints: the claims arising from receipt and destruction of my stolen car were legally sufficient and nonfrivolous, requiring the action to proceed on all issues. Opening Br. 20–23, 40–41.

With respect to the sanctions, the court identified no preexisting prohibition on the words it punished; Rule 83(b) required actual notice of any uncodified requirement. No Rule 11(c)(3) show-cause order issued. The identified speech violated no prior command, and the order identified no obstruction. My speech was contemptuous in the ordinary sense, but it fell outside § 401's three punishable categories. The court expressly declined contempt. Dist. Dkt. 12, p. 8. Reclassifying this exempt contempt to punish it through inherent power is unreasonable and evades Congress's express limit. ***Dietz v. Bouldin***, 579 U.S. 40, 45–46 (2016). The First Amendment independently forbids contempt punishment based merely on offense to judicial sensibilities. ***In re Little***, 404 U.S. 553, 555–56 (1972).

The Court's processing of Appellant's opening brief resulted in the omission of page 63 from the version placed on the docket. Appellant's retained copy includes that page, which presents part of his First Amendment challenge to the sanctions. The omission was not in the brief as submitted. Page 63 is attached. Appellant objects to consideration of the appeal without inclusion of that page and requests

that the Court restore it to the docketed brief and consider it in evaluating both the sanctions appeal and this application.

***Degen v. United States*** confines inherent power to the necessity supporting its exercise and rejects disproportionate foreclosure of claims to vindicate judicial dignity. 517 U.S. 820, 827–29 (1996). The district-wide payment condition forecloses unrelated civil claims and reconsideration without regard to their merits. The order gives no reason why that restriction was necessary to address the words in my motion. Dist. Dkt. 12, pp. 8–10.

The fine's punitive character supports appointment under Criminal Rule 44(a), which guarantees counsel through appeal for a defendant unable to obtain counsel. Rule 1(a)(1) extends the criminal rules to proceedings in this Court. My omnibus motion expressly invoked Rule 44, but the November 10 denial cited only the civil-recruitment decisions ***Pruitt*** and ***Farmer***. App. Dkt. 21. ***Ellis*** instructs that appellate IFP ordinarily should not be denied before adequate representation by counsel. 356 U.S. at 675. ***Doherty v. United States*** vacated a counsel denial for reconsideration under criminal appointment provisions, expressly citing Rule 44. 404 U.S. 28, 29 (1971). Justice Douglas explained that Rule 44 extends through certiorari. ***Id.*** at 30–32 (concurring). I request reconsideration of the counsel denial and appointment under Rule 44 for this appeal and ensuing review, including the

IFP proceedings and review of the sanctions and dismissal of my action. Counsel should be able to address those issues here before I must present them unrepresented to the Supreme Court. Alternatively, I request certification under 28 U.S.C. § 1254(2) and Supreme Court Rule 19 of any questions of law that may affect my entitlement to counsel, including during the appellate IFP determination.

The November 10 counsel order leaves possible recruitment to the merits panel after review of my brief, while the fee order threatens dismissal on November 24. App. Dkts. 20–21. In ***Johnson v. United States***, the Supreme Court required counsel to assist a criminal appellant in challenging the district court's certification that his appeal was not taken in good faith. 352 U.S. 565, 566 (1957). My request under Rule 44 concerns representation at that threshold stage, when permission to proceed without prepayment is decided. The Court should decide my entitlement under the criminal rules and allow counsel to address the IFP ruling before enforcing a fee deadline that could terminate the appeal.

I request immediate recruitment under § 1915(e)(1) for the IFP proceedings and this appeal while my asserted right under the criminal rules remains unresolved. See ***McCaa v. Hamilton***, 959 F.3d 842, 845 (7th Cir. 2020). If this appeal is criminal, representation is owed now in the IFP proceedings, and further uncounseled litigation continues the deprivation. Delaying representation until the Court decides the counsel question would require me to litigate that very question

and the IFP issues without the assistance I contend is already due. Recruitment would prevent that further loss without prejudging the fine's character or the other merits issues.

The issues warrant preserving the opportunity for review. ***Roadway***'s notice requirement makes the sanctions challenge independently nonfrivolous; ***Ellis*** therefore supplies a substantial basis for reversing the IFP denial. The failure-to-state-a-claim error and the findings it rendered infirm supply another. Supreme Court review would also define the limits of factual screening when an indigent plaintiff seeks jury adjudication of damages claims. ***Beacon Theatres, Inc. v. Westover*** emphasized that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." 359 U.S. 500, 501 (1959). The sanctions also warrant the Supreme Court's supervisory review under Rule 10(a): reconsideration is conditioned on payment of the fine, and the fee order threatens dismissal of the appeal challenging punishment imposed without notice. Dist. Dkt. 12, p. 10; App. Dkt. 20. ***Hollingsworth v. Perry*** recognizes the Supreme Court's particular supervisory interest in compliance with procedures protecting the integrity of judicial proceedings. 558 U.S. 183, 196–97 (2010).

The November 24 deadline, significant knee pain impairing preparation, and service on over forty defendants make repeated preparation and mailing exceptionally burdensome. I intend to mail this motion and an application to the

Circuit Justice together and serve both in the same mailing. That conserves resources already severely strained by litigation debt, which has reduced my food budget, now on the order of $100 or less per month. ***Adkins*** recognizes that litigants need not surrender the necessities of life to finance an appeal. 335 U.S. at 339–40. My accompanying declaration addresses the present hardship, and my financial disclosures are already before the Court in the IFP papers.

Any eventual fee refund would come too late to meet present subsistence needs. Suspending the deadline preserves the appeal and funds needed for necessities while appellees retain their judgment during review. Those immediate harms outweigh the interests in prompt fee collection and finality. ***Nken v. Holder***, 556 U.S. 418, 434–35 (2009). Together with the grounds for review above, they establish good cause for an extension under Rule 26(b).

The extension should cover timely tender, docketing, and disposition of my petition for certiorari or other writ and the accompanying IFP proceedings. It should continue through any applicable rehearing period and disposition of a timely, permitted rehearing petition and, if review is granted, through the Supreme Court's final disposition. I will promptly report the filing and disposition of those proceedings. Once they conclude, this Court should enter an order conforming to that disposition and allow at least fourteen days to satisfy any remaining fee obligation.

If the Court declines that duration, I alternatively request protection through the Supreme Court's initial disposition of the petition and IFP request, followed by at least fourteen days to address the resulting posture. If that alternative is denied, I request a thirty-day extension from disposition of this motion to obtain relief from the Circuit Justice, continuing through disposition of any application presented within that interval. I request an express interim order before November 24 suspending the deadline and dismissal for nonpayment while this motion is considered.

Respectfully submitted,

Electronically signed by: William Louis Armstrong

/S/ William Louis Armstrong

William L. Armstrong III, pro se

2580 S. 34th St. Milwaukee, WI 53215

(414) 248-1487 williamlouisarmstrong93@gmail.com

Date: November 17th 2026

**Declaration of William L. Armstrong III**

I am carrying litigation debt that has reduced my food budget, now on the order of $100 or less per month. My Capital One CreditWise credit report, updated November 16, 2026, indicates a total balance of $4,338 on revolving and open-ended accounts. That debt is overwhelmingly attributable directly and indirectly to appeals and litigation expenses. I am experiencing significant knee pain that impairs my ability to prepare these papers. I will personally print and assemble these papers for filing and service on more than forty defendants. Mailing this motion and my Supreme Court application together to the opposing parties avoids duplicating postage costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17th 2026.

Electronically signed by: William Louis Armstrong

/S/ William Louis Armstrong

William L. Armstrong III

**Certificate of compliance**

This motion contains 2,763 words, excluding the caption, signature block, accompanying declaration, certificates, and attached order. It complies with Rule 27(d)(2)(A) and uses 14-point Times New Roman with double-spaced text, as required by Rules 27(d)(1) and 32(a)(5)–(6).

Electronically signed by: William Louis Armstrong

/S/ William Louis Armstrong

William L. Armstrong III

The following page reproduces the November 10, 2026 order denying leave to appeal in forma pauperis and requiring payment within fourteen days. App. Dkt. 20.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 10, 2026

*By the Court:*

| | |
|---|---|
| No. 26-2488 | WILLIAM L. ARMSTRONG, III,<br>Plaintiff - Appellant<br><br>v.<br><br>ALTER TRADING CORPORATION, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:25-cv-01702-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

The following are before the court:

1. **RENEWED MOTION UNDER FEDERAL RULE OF APPELLATE PROCEDURE 24(a)(5) FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**, filed on August 27, 2026, by the pro se appellant.

2. **SUPPLEMENT TO MOTION TO PROCEED IN FORMA PAUPERIS (TABLE OF AUTHORITIES)**, filed on August 27, 2026, by the pro se appellant.

**IT IS ORDERED** that the motion for leave to proceed on appeal in forma pauperis is **DENIED.** The appellant has not made a potentially meritorious argument that the district court erred in dismissing the complaint. Appellant shall pay the required docketing fee within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b).

form name: c7_Order_BTC (form ID: 178)

involving different parties and facts. Because ability to pay was never examined, the condition could operate indefinitely. Tailoring required at least notice, findings about Armstrong's litigation history and resources, a defined duration or review mechanism, and consideration of a leave-to-file procedure. None appears in the order.

***E. Punishing critical speech under no neutral, preannounced rule violated the First Amendment.***

The First Amendment binds every public official. ***Chiles v. Salazar*** reaffirmed that no official, "high or petty," may command or silence speech. 607 U.S. 627, 640–41 (2026) (quoting ***West Virginia State Board of Education v. Barnette***, 319 U.S. 624, 642 (1943)). Offensive expression doesn't lose protection simply because officials or observers find it vulgar. ***Cohen v. California***, 403 U.S. 15, 25–26 (1971).

The sanction expressly punished words and metaphors in motions criticizing the court's orders and the legal profession. Dkt. 12, pp. 6–9. No neutral rule identified that subject or mode of expression beforehand. Rule 83 makes the lack of notice decisive, and ex post punishment leaves a litigant unable to know what future criticism will trigger sanction. A filing restriction must be supported by findings and tailored to the problem. See ***Support Systems International, Inc. v. Mack***, 45 F.3d 185, 186 (7th Cir. 1995); ***Donelson v. Hardy***, 931 F.3d 565, 569–70 (7th Cir. 2019). The order didn't find a history of frivolous lawsuits, evasion of

No. ________________________

IN THE

SUPREME COURT OF THE UNITED STATES

William Louis Armstrong— PETITIONER

VS.

Alter Trading Corporation; Seven Stars Auto Parts LLC; Miller Compressing Company; Goldstein Group Inc.; Quarles & Brady LLP; Toyota Tsusho Corporation; Toyota Tsusho America Inc.; Altech Recycling LLC; MCC Holding Inc.; Toyota Motor Corporation; Toyota Motor North America; Toyota Motor Sales, USA; Toyota Motor Credit Corporation; Toyota Financial Services Corporation; Green Bridge Company; United States; Jeffery Goldstein; Kathy Goldstein; Richard Goldstein; Marc Goldstein; Samantha Goldstein; Lauren Goldstein; Jeremy Goldstein; Alex Goldstein; Jesse Goldstein; Nathan Millan; Josh Millan; David Klein; Jay Robinovitz; Don H. Martin; Michael E. Vail; Jack Grundfest; Lisa R. Walden; Joseph Poehlmann; Bryan Downer; Anthony Ray Gardner Jr.; Chanel; Jon Spigel; Michael Goldstein; Robert Goldstein; Robert G. Ellis; John Busby; All Seasons Trucking 2 LLC; Alter Metal Recycling; and Alter Logistics & Transloading Company — RESPONDENT(S)

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner asks leave to file the attached emergency application to Justice Amy Coney Barrett without prepayment of costs and to proceed in forma pauperis.

Please check the appropriate boxes:

☐ Petitioner has previously been granted leave to proceed in forma pauperis in the following court(s):

______________________________________________________________

■ Petitioner has not previously been granted leave to proceed in forma pauperis in any other court.

☐ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is not attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: ________________ ____________________________________ or

☐ a copy of the order of appointment is appended.

Electronically signed by: William Louis Armstrong
/S/William Louis Armstrong
(Signature)

# AFFIDAVIT OR DECLARATION

IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

I, William Louis Armstrong, am the petitioner in the above-entitled case. In support of my motion to proceed in forma pauperis, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | **You** | **Spouse** | **You** | **Spouse** |
| Employment | $0 | $0 | $0 | $0 |
| Self-employment | $30 | $0 | $120 | $0 |
| Income from real property (such as rental income) | $0 | $0 | $0 | $0 |
| Interest and dividends | $1 | $0 | $1 | $0 |
| Gifts | $20 | $0 | $120 | $0 |
| Alimony | $0 | $0 | $0 | $0 |
| Child Support | $0 | $0 | $0 | $0 |
| Retirement (such as social security, pensions, annuities, insurance) | $0 | $0 | $0 | $0 |
| Disability (such as social security, insurance payments) | $1,077.47 | $0 | $1,086.16 | $0 |
| Unemployment payments | $0 | $0 | $0 | $0 |
| Public-assistance (such as welfare) | $38 | $0 | $38 | $0 |
| Other (specify): Uncashed Insurance Check | $125 | $0 | $0 | $0 |
| Total monthly income: | $1,291.47 | $0 | $1,365.16 | $0 |

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Self employed | 2580 S. 34th st. Milwaukee Wisconsin 53215 | Permanent | $30 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ ~10

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Type of account (e.g., checking or savings) | Amount you have | Amount your spouse has |
|---|---|---|
| Checking | $206.27 | $0 |
| Saving | $5.02 | $0 |
| | $ | $0 |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☐ Home
Value N/A

☐ Other real estate
Value N/A

☐ Motor Vehicle #1
Year, make & model N/A
Value

☐ Motor Vehicle #2
Year, make & model
Value

■ Other assets
Description Uncashed insurance check for injuries after being hit by a car in 2025

Value $1,500

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| Boyland Auto BGMC LLC; General Motors; Kaufman & Dolowich; Dorian Boyland; National Business Brokers; Automotive Experts LLC; and Kunes Buick GMC. | $10,000 | N/A |
| Gruber Law Offices, LLC; Matthew B. Garman; David Gruber; Steven D. Gruber; John or Jane Doe, solely as personal representative of the Estate of Nancy Gruber; and John and Jane Does 1–200. | >$20,000,000,000 | N/A |
| City of Milwaukee; County of Milwaukee; Salah Al-Zalloum; and Chad Crivello. | ~$20,000,000,000 | N/A |
| City of Milwaukee; County of Milwaukee; VT; JST; Christopher Monigold; Officer Marquez; Officer Hefley; Detective Dolan; and unidentified Milwaukee Police Department and County officers. | >$20,000,000,000 | N/A |
| Goldstein Group Inc.; Alter Trading Corporation; Seven Stars Auto Parts LLC; Miller Compressing Company; Quarles; MCC Holding Inc.; Alter Logistics & Transloading Company; All Seasons Trucking 2 LLC; Toyota Motor Corporation; Toyota Motor North America; Toyota Motor Sales USA; Toyota Motor Credit Corporation; Toyota Financial Services Corporation; Toyota Tsusho Corporation; Toyota Tsusho America Inc.; Altech Recycling LLC; Robert Goldstein; Michael Goldstein; Jonathan Spigel; Robert G. Ellis; Chanel; John Busby; Jeffery Goldstein; Kathy Goldstein; Richard Goldstein; Marc Goldstein; Samantha Goldstein; Lauren Goldstein; Jeremy Goldstein; Alex Goldstein; Jesse Goldstein; Nathan Millan; Josh Millan; David Klein; Jay Robinovitz; Don H. Martin; Michael E. Vail; Jack Grundfest; Lisa R. Walden; Joseph Poehlmann; Bryan Downer; Anthony Ray Gardner Jr.; Green Bridge Company; Alter Metal Recycling; and United States. | >$100,000,000,000 | N/A |
| Pravati Capital. | $indeterminate | N/A |
| Kroger; and General Mills. | ~$25 | N/A |
| Lawton Cates; and Dixon R. Gahnz. | >$10,000,000 | N/A |
| Unidentified drivers 1 and 2. | $indeterminate | N/A |
| Newegg. | >$300,000,000 | N/A |
| Casetext; and Reuters. | $indeterminate | N/A |

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| American Bar Association; and accredited law schools. | >$10,000,000,000 | N/A |
| Steven Paul Cahn; and Cahn Litigation Services. | $indeterminate | N/A |

7. State the persons who rely on you or your spouse for support. For minor children, list initials instead of names (e.g. "J.S." instead of "John Smith").

| Name | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $300 | $0 |
| Are real estate taxes included? ☐ Yes ■ No<br>Is property insurance included? ☐ Yes ■ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $30 | $0 |
| Home maintenance (repairs and upkeep) | $0 | $0 |
| Food | $70 | $0 |
| Clothing | $15 | $0 |
| Laundry and dry-cleaning | $0 | $0 |
| Medical and dental expenses | $0 | $0 |

| | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $20 | $0 |
| Recreation, entertainment, newspapers, magazines, etc. | $52 | $0 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's | $0 | $0 |
| Life | $0 | $0 |
| Health | $0 | $0 |
| Motor Vehicle | $0 | $0 |
| Other: Cell phone insurance ____________ | $8 | $0 |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| (specify): ______________________ | $0 | $0 |
| Installment payments | | |
| Motor Vehicle | $0 | $0 |
| Credit card(s) | $500 | $0 |
| Department store(s) | $0 | $0 |
| Other: ________________________ | $0 | $0 |
| Alimony, maintenance, and support paid to others | $0 | $0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $110 | $0 |
| Other (specify): ___Charitable gifts___ | $7 | $0 |
| Total monthly expenses: | $1,112 | $0 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

■ Yes ☐ No If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?

☐ Yes ■ No

If yes, how much? ________________

If yes, state the attorney's name, address, and telephone number:

____________________________________________________________

____________________________________________________________

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

■ Yes ☐ No

If yes, how much? ~$147

If yes, state the person's name, address, and telephone number:

Anchor printing, 6211 W Forest Home Ave. Milwaukee, WI (414) 321 9421

The UPS Store, 2086D Miller Park Way, West Milwaukee, WI (414) 930-0011, Chambers Notary and process services LLC 9312 N 107th St Suite B108, Milwaukee, WI, (414) 324-4066

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I have litigation debt that has reduced my food spending from about 700 per month, to now on the order of about $100 or less per month. My Capital One CreditWise report, updated November 16, 2026, shows a total balance of $4,338 on revolving and open-ended accounts. I've attached a copy made using print to PDF. That debt is overwhelmingly directly and indirectly from appeals and litigation expenses. That debt is also predominantly on cards that I had introductory 0% APRs with set to expire in the near future. The money I'm owed consists of sought judgments.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November____________________, 2026______

Electronically signed by: William Louis Armstrong
/S/ William Louis Armstrong
(Signature)

**William L. Armstrong III, Armstrong v. Alter Trading Corporation, et al., attached sheet for question 8, detailed statement of business expenses**

My current regular monthly business expenses are $100 for my ChatGPT Pro subscription, including the Dot AI assistant, and $10 for my website and business email through Hostinger, for a total of $110 per month.

**William L. Armstrong III, Armstrong v. Alter Trading Corporation, et al., attached sheet for question 9, expected major financial changes during the next twelve months**

I expect my financial condition to worsen as introductory 0% APR periods on my credit cards expire. My $4,338 balance on revolving and open-ended accounts is overwhelmingly attributable, directly and indirectly, to appeals and litigation expenses. By the time I pay down that debt, it will be accruing interest. Interest charges will increase the cost of repaying the debt and reduce the money available for future necessities. I also expect additional printing, mailing, and other expenses from continuing this appeal and seeking Supreme Court relief. Those expenses will further reduce the funds available for living expenses and debt repayment.

I also expect to set myself on fire in protest and as an act of public and self defense. I don't believe that the laws and constitution will suddenly start mattering to the seventh circuit and the supreme court. If i have to petition this court from a position of last resort again I plan to set myself on fire, specifically my left arm. I had already submitted my draft brief as part of my affidavits statement of issues, and had already submitted my complete brief, and the seventh has already determined that my appeal was so devoid of merit as to deny IFP on that ground. Their single line of reasoning conflicts with at least seven supreme court precedents. This is my second case where it's like the court deciding it is unable to even read at a basic level, such as to make basic distinctions of law while deciding cases, I'm two for two in that regard on appeal. The quote that I lead with expresses that this time there can be no failure.

Investigation and preparation of my claims is something that I've spent the last five years on in order to lift myself and my family out of poverty, and to be able to do the good works that I want to do, but i have been and am being robbed by utterly lawless courts. The timing of their decision is nocoincidence, it came immediately after this court decided that the laws don't matter for the rest of us when denying me and everybody else justice in Armstrong v. Boyland. The utterly lawless decision in this case, is partly a product of the great importance of the issues in my previous case and this courts complete lack of action. On the laws it's basically the same appeal, other than opposition to a legally unsupported status quo that basically every lawyer in America has been conditioned to brainlessly take for granted by a private monopoly. They saw that equality of consideration and conflict with laws didn't matter in Boyland, despite a quarter million families being robbed at the same time, and decided to wipe their asses with the WHOLE constitution in this case.

If my efforts to protect my rights and seek justice in this case are to cost me my arm, i will also lose my other sources of income while institutionalized, in a hospital or jail/prison. I'm probably going to lose everything. That's probably what will happen. They're going to deny me justice, because they've already ruled that my appeal doesn't even satisfy good faith, the brief was already filed, and I'm going to set myself on fire in an act of protest and defense of self and others and to promote awareness, I'm going to record it and distribute that to tens of thousands of people at least, along with written materials showing the courts utter lawlessness and this courts practical endorsement through lack of action.

This is not intended as a threat. I would have liked appointed counsel so that I could assert fifth amendment rights as much as practicable. The question asks what I expect, and this is what I expect, for the appeal to cost me an arm. Pro se petitioners have functionally zero chance of having their rights rectified by this court, regardless of the importance of their issues or their ability to brief them, and so unless by some miracle you're pending at the same time as a grant to a represented party, regular people just don't get the benefit of law. The courts are openly robbing people. The only time the courts actually care about the law in lower profile settings is when they're keeping people in prison after unqualified counsel with expensive rubber stamps have waived all of their rights and botched their cases without even effectively advising them. When it comes time for protecting and rectifying rights they suddenly forget how to read.

< A% ot

# AMOUNT OF DEBT

Updated on November 16, 2026

Poor Fair Good Very Good Exceptional

30% impact to FICO Score

**What is Amount of Debt?**

The amount of credit you're using is a very important category of credit data for the FICO® Score. FICO® Scores consider the total balance owed, how many accounts have balances and how much of your available credit you're using.

**Your details from FICO**

The information displayed within this section reflects the ingredients that make up your FICO® Score 8 based on TransUnion data.

| | |
|---|---|
| Accounts with balances | 3 |
| Total balance on revolving and open-ended accounts | $4,338 |
| Revolving utilization | 70% |

**How does this impact FICO Scores?**

No. ____________________

**IN THE SUPREME COURT OF THE UNITED STATES**

WILLIAM L. ARMSTRONG III, Applicant,

v.

ALTER TRADING CORPORATION, et al., Respondents.

On Application from the United States Court of Appeals
for the Seventh Circuit, No. 26-2488

**APPLICATION TO JUSTICE AMY CONEY BARRETT**
**FOR A STAY AND APPOINTMENT OF COUNSEL**

William L. Armstrong III
Applicant, pro se
2580 S. 34th St.
Milwaukee, WI 53215
(414) 248-1487
williamlouisarmstrong93@gmail.com

## TABLE OF CONTENTS


| | |
|---|---|
| Table of authorities | ii |
| Application for a stay and appointment of counsel | 1 |
| Notice under Supreme Court Rule 29.4 | 8 |
| Signature | 8 |
| Appendix contents | 1a |
| A. November 10, 2026 IFP and fee order (App. Dkt. 20) | 2a |
| B. November 10, 2026 counsel order (App. Dkt. 21) | 3a |
| C. October 14, 2026 sanctions-stay order (App. Dkt. 19) | 4a |

## TABLE OF AUTHORITIES — CASES


| | |
|---|---|
| Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331 (1948) | 6 |
| Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959) | 6 |
| Church of Scientology of California v. United States, 506 U.S. 9 (1992) | 7 |
| Concepcion v. United States, 597 U.S. 481 (2022) | 3 |
| Coppedge v. United States, 369 U.S. 438 (1962) | 2 |
| Curtis v. Loether, 415 U.S. 189 (1974) | 4 |
| Degen v. United States, 517 U.S. 820 (1996) | 5 |
| Denton v. Hernandez, 504 U.S. 25 (1992) | 3, 4 |
| Dietz v. Bouldin, 579 U.S. 40 (2016) | 4, 5 |
| Doherty v. United States, 404 U.S. 28 (1971) | 5 |
| Ellis v. United States, 356 U.S. 674 (1958) | 2, 3, 5, 6, 7 |
| Golan v. Saada, 596 U.S. 666 (2022) | 3 |
| Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017) | 2 |
| Hicks v. Feiock, 485 U.S. 624 (1988) | 2 |
| Hollingsworth v. Perry, 558 U.S. 183 (2010) | 6 |
| In re Little, 404 U.S. 553 (1972) | 5 |
| International Union v. Bagwell, 512 U.S. 821 (1994) | 2 |
| Jones v. Bock, 549 U.S. 199 (2007) | 4 |
| Jung v. K. & D. Mining Co., 356 U.S. 335 (1958) | 3 |
| McKnight v. General Motors Corp., 511 U.S. 659 (1994) | 3 |
| Neitzke v. Williams, 490 U.S. 319 (1989) | 4 |
| Nken v. Holder, 556 U.S. 418 (2009) | 7 |
| Penson v. Ohio, 488 U.S. 75 (1988) | 7 |
| Perttu v. Richards, 605 U.S. 460 (2025) | 4 |
| Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49 (1993) | 3 |
| Pullman-Standard v. Swint, 456 U.S. 273 (1982) | 1 |
| Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980) | 2, 6 |
| Tellabs v. Makor, 551 U.S. 308 (2007) | 4 |

**Constitutional provisions**

U.S. Const. amend. I 5

U.S. Const. amend. VII 4

**Statutes**

18 U.S.C. § 401 5

18 U.S.C. § 1962(a)–(d) 2

18 U.S.C. § 1964(c) 2

28 U.S.C. § 1254(1) 6

28 U.S.C. § 1651(a) 6

28 U.S.C. § 1915(a)(3), (e)(2) 2, 4

28 U.S.C. § 1915A(b) 4

28 U.S.C. § 2101(f) 6

28 U.S.C. § 2403(a) 8

Wis. Stat. § 946.83(1)–(3) 2

Wis. Stat. § 946.87(4) 2

**Rules**

Fed. R. Civ. P. 11(c)(3) 5

Fed. R. Civ. P. 20 4

Fed. R. Civ. P. 21 4

Fed. R. Civ. P. 83(b) 5

Fed. R. Crim. P. 1 1, 5

Fed. R. Crim. P. 44 1, 5

Fed. R. App. P. 24(c) 7

Fed. R. App. P. 31(b), 40(d)(2) 7

Sup. Ct. R. 10(a) 6

Sup. Ct. R. 23.3 6

Sup. Ct. R. 29.4 8

**Other material**

Jack London, To Build a Fire 1

**IN THE SUPREME COURT OF THE UNITED STATES**
William L. Armstrong III v. Alter Trading Corporation, et al.
**Seventh Circuit No. 26-2488**

Application to Justice Amy Coney Barrett for a Stay and Appointment of Counsel

*"Well, it was up to him to build the fire over again,*
*and this second time there must be no failure."*
—Jack London, *To Build a Fire*

I request an immediate stay of the November 10 fee order and further appellate proceedings pending disposition of my timely petition for certiorari or other writ and any ensuing review. The fee is due November 24 on pain of dismissal. I also request appointed counsel under Criminal Rules 1 and 44 here and below, and the alternative postpayment relief specified at pages 6–7.

My complaint stated racketeering claims. The failure-to-state-a-claim ruling was legal error that rendered the frivolousness and futility findings infirm. The same is true for other legal errors described in my appeal, such as treating screening of my nonprisoner action as mandatory before IFP authorization, replacing ordinary pleading and joinder rules with fixed page and defendant caps, disregarding the governing rules for construing my pleading, and requiring a separate private civil remedy under the statutes defining alleged racketeering predicates. ***Pullman-Standard v. Swint*** requires remand for findings made infirm by legal error unless the record permits only one factual resolution. 456 U.S. 273, 292 (1982).

Robert and Michael Goldstein, Goldstein Group, and MCC Holdings participated in Alter's 2012 acquisition of Miller, a money-laundering transaction involving criminal proceeds. In 2014, a towing operator supplied Alter at least 143 stolen vehicles using falsified VIN reports; Alter continued receiving his stolen cars after discovering the falsification. In 2019, Goldstein Group, Alter, Miller, and Seven Stars participated in further money laundering when Seven Stars was transferred to Miller. In 2021, my vehicle went through a similar towing-and-salvage chain after Chanel stole it: All Seasons and Anthony Gardner delivered it to Seven Stars, which delivered it to Alter and Miller for shredding. Seven Stars and Alter knowingly transmitted false title representations regarding my vehicle; Alter, Miller, and Seven Stars destroyed my stolen car and others and knowingly possessed altered-VIN vehicles and parts

for disposal. My 2022 recovery efforts met an extortionate threat by Bryan Downer after he consulted with the parent companies' lawyers. Altech processed aluminum from stolen cars for use in Toyota vehicles, linking the salvage operation to Toyota's fraudulent vehicle distribution and collections. Dist. Dkt. 11-1, pp. 3–9, 13–14.

These allegations state federal and Wisconsin racketeering claims. The use of racketeering income to acquire and operate the businesses that destroyed my car supports § 1962(a); acquiring and maintaining control of those businesses through the pleaded transactions supports § 1962(b). Taking and retaining my car also acquired control over my own sole proprietorship, further supporting my claims under § 1962(b). The participants' conduct of the salvage and distribution operations through the pleaded pattern supports § 1962(c), and their agreement to facilitate that racketeering supports § 1962(d), with the resulting acts causing the same loss. Section 1964(c) supplies the civil remedy for the resulting property and business injuries. The corresponding Wisconsin claims arise under Wis. Stat. § 946.83(1)–(3), with civil relief under § 946.87(4). Dist. Dkt. 11-1, pp. 3–15; Opening Br. 44–46.

The court also fined me $500 for my motion's disrespectful language and barred unrelated civil filings and reconsideration until payment. Dist. Dkt. 12, pp. 7–10. It imposed these sanctions without the advance notice and opportunity to be heard required by ***Roadway Express, Inc. v. Piper***, 447 U.S. 752, 767 (1980). The fine punished completed speech, compensated no loss, and could not be avoided through compliance. That punishment required criminal protections. ***International Union v. Bagwell***, 512 U.S. 821, 826–30 (1994); ***Goodyear Tire & Rubber Co. v. Haeger***, 581 U.S. 101, 108 (2017). The bar coerces payment, but the fine is punitive and its criminal character is dominant for purposes of review. ***Hicks v. Feiock***, 485 U.S. 624, 638 n.10 (1988). I received none of the criminal process required for the punishment imposed: notice of a criminal charge, an opportunity to defend against it, adjudication of guilt beyond a reasonable doubt, or appointment of counsel.

Any nonfrivolous issue establishes good faith under § 1915(a)(3). ***Coppedge v. United States***, 369 U.S. 438, 445 (1962). ***Ellis v. United States*** holds: "The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit." 356 U.S. 674, 674–75 (1958). My appeal urged a construction of § 1915(e)(2)(B)(i) that preserves jury resolution of disputed merits

facts by limiting the provision to legal frivolousness and any preliminary factual assessment to eligibility for fee relief. Opening Br. 54–55. That constitutional-avoidance argument supports good-faith modification of existing law, a proper basis for appeal even where existing law supports dismissal. See ***Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.***, 508 U.S. 49, 65 (1993); ***McKnight v. General Motors Corp.***, 511 U.S. 659, 660 (1994) (per curiam).

The law and my appeal both distinguish dismissal of a complaint from dismissal of an action. ***Jung v. K. & D. Mining Co.***, 356 U.S. 335, 337–38 (1958); Opening Br. 22–31. My IFP affidavit's statement of issues and opening brief challenged both the judgment dismissing my action with prejudice and the sanctions. Dist. Dkt. 13. But despite ***Ellis*** and that distinction, the Seventh Circuit denied IFP on November 10, stating: "The appellant has not made a potentially meritorious argument that the district court erred in dismissing the complaint." App. Dkt. 20. That rationale addressed a form of dismissal that was not the object of my appeal and left the modification argument and the independent sanctions challenge unanswered. This Court requires district courts to address timely nonfrivolous arguments when exercising discretion, reinforcing the obligation to consider these grounds for appeal. ***Golan v. Saada***, 596 U.S. 666, 679 (2022); ***Concepcion v. United States***, 597 U.S. 481, 501–02 (2022).

***Denton v. Hernandez*** requires the initial factual assessment to be weighted in my favor and reserves factual-frivolousness dismissal for the irrational or wholly incredible. 504 U.S. 25, 32–33 (1992). The district court instead indiscriminately deemed my allegations "at best wholly 'delusional,'" mentioning the alleged enterprise's duration and quoting selected rhetoric. Dist. Dkt. 12, p. 5. That conclusory characterization supplies no basis for deeming the pleaded receipt and destruction of stolen vehicles or the action as a whole factually frivolous. The failure to weigh the assessment in my favor was legal error, illustrated not least by the court's treatment of a common figure of speech recognizing the limits of my knowledge as an indication of delusion. Opening Br. 35. My brief explains why the allegations selected by the court were actually supported by rational inference. Opening Br. 33–36. The court also declared further amendment futile, citing what it called "guidance." Dist. Dkt. 12, p. 6. But those screening orders misapplied the governing pleading rules, for example, by treating expressly pleaded

facts as missing. Opening Br. 27–30. The plain legal and factual errors render the frivolousness and futility findings infirm and have deprived me of fair process.

My damages claims for injury to property and business carry a Seventh Amendment jury right. ***Curtis v. Loether***, 415 U.S. 189, 194–96 (1974). I expressly demanded a jury, but dismissal with prejudice on factual-frivolousness grounds foreclosed jury determination of the facts concerning receipt and destruction of my stolen car. Dist. Dkt. 11-1, p. 3; Dist. Dkt. 12, pp. 5–6, 10.

Neither ***Neitzke*** nor ***Denton*** decided the Seventh Amendment limits on factual-frivolousness dismissal in IFP proceedings. ***Tellabs v. Makor*** upheld a heightened pleading standard that assumed the factual allegations true and left credibility and genuine factual disputes to the jury. 551 U.S. 308, 326–28 (2007). ***Perttu v. Richards*** applied constitutional avoidance to construe the PLRA to require jury resolution of an exhaustion dispute intertwined with the merits of a claim carrying a jury right. 605 U.S. 460, 468–73 (2025).

The first screening order's fifteen-page and ten-defendant ceilings constrained the proposals later deemed incurable. Dist. Dkt. 7, p. 9. Equality of consideration is Congress's overarching goal under § 1915. ***Neitzke v. Williams***, 490 U.S. 319, 329 (1989). Other than the departures Congress specified, that equality is the process that is due. ***Jones v. Bock***, 549 U.S. 199, 214 (2007). Rule 20 permits joinder based on common questions and the same transaction or series of transactions. The numerical ceilings substituted a head count for that inquiry and limited my ability to plead the connected acts and participants. Rule 21 expressly forbids dismissal of an action for misjoinder. I should not have been greatly disadvantaged by the court compared to nonindigent litigants and/or counseled litigants because of my poverty.

Section 1915(e)(2)(B) conditions dismissal of "the case" on a listed determination concerning "the action or appeal" as a whole. Congress expressly authorized dismissal of portions of prisoner complaints in § 1915A(b), but omitted that authority from § 1915(e)(2)(B). *See* ***Jones v. Bock***, 549 U.S. 199, 222 (2007). Supervisory power cannot convert § 1915(e)(2)'s "at any time" authority into compulsory screening before IFP authorization. ***Dietz v. Bouldin***, 579 U.S. 40, 45–46 (2016). My appeal challenged unauthorized partial excision of nonprisoner complaints: the claims arising from receipt and destruction

of my stolen car were legally sufficient and nonfrivolous, requiring the action to proceed on all issues. Opening Br. 20–23; 40–41.

With respect to the sanctions, the court identified no preexisting prohibition on the words it punished; Rule 83(b) required actual notice of any uncodified requirement. No Rule 11(c)(3) show-cause order issued. The identified speech violated no prior command, and the order identified no obstruction. My speech was contemptuous in the ordinary sense, but it fell outside § 401's three punishable categories. The court expressly declined contempt. Dist. Dkt. 12, p. 8. Reclassifying this exempt contempt to punish it through inherent power is unreasonable and evades Congress's express limit. ***Dietz v. Bouldin***, 579 U.S. 40, 45–46 (2016). The First Amendment independently forbids contempt punishment based merely on offense to judicial sensibilities. ***In re Little***, 404 U.S. 553, 555– 56 (1972).

***Degen v. United States*** confines inherent power to the necessity supporting its exercise and rejects disproportionate foreclosure of claims to vindicate judicial dignity. 517 U.S. 820, 827–29 (1996). The district-wide payment condition forecloses unrelated civil claims and reconsideration without regard to their merits. The order gives no reason why that restriction was necessary to address the words in my motion. Dist. Dkt. 12, pp. 8–10.

Criminal Rule 1(a)(1) governs criminal proceedings in this Court; Rule 44(a) guarantees counsel through appeal for defendants unable to obtain it. My appeal challenges criminal punishment, and my counsel request expressly invoked Rule 44. App. Dkt. 21. ***Ellis*** instructs that appellate IFP ordinarily should not be denied before adequate representation by counsel. 356 U.S. at 675. ***Doherty v. United States*** vacated a counsel denial for reconsideration under criminal appointment provisions, expressly citing Rule 44. 404 U.S. 28, 29 (1971). Justice Douglas explained that Rule 44 extends through certiorari. ***Id.*** at 30–32 (concurring). Yet the denial here cited only civil-recruitment decisions. App. Dkt. 21. I request appointed counsel under Rule 44 for this application, ensuing review, and the lower-court proceedings, including the appellate IFP determination and review of the sanctions and dismissal of my action. Representation below would allow counsel to address the pleading and sanctions errors that shaped the case before it reached this Court.

I seek § 1254(1) review of the completed IFP denial. ***Adkins v. E. I. DuPont de Nemours & Co.***, 335 U.S. 331, 335–36, 344 (1948). I invoke § 2101(f) because the order finally resolves the collateral IFP question; alternatively, I request a § 1651(a) stay preserving effective appellate review. ***Roadway***'s notice requirement makes the sanctions challenge independently nonfrivolous; ***Ellis*** therefore supplies a fair prospect of reversing the IFP denial. ***Hollingsworth v. Perry***, 558 U.S. 183, 190 (2010). My complaint also states federal and Wisconsin racketeering claims for the destruction of my stolen car and injury to my business through a continuing pattern of false title filings, receipt and destruction of stolen vehicles, and distribution of the resulting metals. The erroneous failure-to-state-a-claim ruling, and the frivolousness and futility findings it rendered infirm, supply an independent basis for reversing the IFP denial.

Review would define the limits of factual screening when an indigent plaintiff seeks jury adjudication of damages claims. In ***Beacon Theatres, Inc. v. Westover***, this Court granted review because "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." 359 U.S. 500, 501 (1959). The sanctions also warrant supervisory review under Rule 10(a). Reconsideration is conditioned on payment of the fine, and the appellate fee order threatens dismissal of the appeal challenging punishment imposed without notice. Dist. Dkt. 12, p. 10; App. Dkt. 20. ***Hollingsworth*** recognizes this Court's particular supervisory interest in compliance with procedures protecting the integrity of judicial proceedings. 558 U.S. at 196–97.

I will seek the requested stay below simultaneously and request Rule 23.3's exception. The November 24 deadline, significant knee pain impairing preparation, and service on over forty defendants make repeated preparation and mailing exceptionally burdensome. Serving both applications together conserves resources already severely strained by litigation debt, which has reduced my food budget to approximately $100 or less per month as of November 16, 2026. Nonpayment triggers dismissal; payment depletes funds needed for necessities. Any eventual refund would come too late to meet present needs, while the interest accrued would diminish what remains for future necessities. ***Adkins*** does not require absolute destitution; it protects the ability to meet litigation costs while retaining life's necessities. 335 U.S. at 339–40.

If I nevertheless pay to preserve the appeal, I will continue to seek vacatur of the IFP denial and payment directive, with repayment upon reversal. Compliance with a challenged order does not moot review where effectual relief remains available. ***Church of Scientology of California v. United States***, 506 U.S. 9, 12–13 (1992). Payment under threat of dismissal would not establish that I can finance the remaining appeal without sacrificing those necessities.

The need for relief extends beyond the docketing fee. I have filed and served my opening brief, but the appeal calls for supplemental-authority submissions and may, if necessary, require a petition for rehearing, with further service on over forty respondents. I request continuing IFP status, the reduced service-copy requirement under Appellate Rules 31(b) and 40(d)(2), and leave to submit one paper copy of supplemental filings with clerk-assisted service. Appellate Rule 24(c) permits an IFP party to request that the appeal be heard on the original record without reproducing any part. I request that protection against additional record-reproduction expense in the remaining proceedings. Staying further proceedings would prevent those expenses from overtaking the requested relief.

A stay would also preserve counsel's opportunity to participate before the appeal is decided. The panel's discretion to recruit counsel after reviewing my brief does not answer whether I was entitled to counsel in presenting it or seeking IFP relief. App. Dkt. 21; ***Ellis***, 356 U.S. at 675. If the sanctions are criminal punishment, proceeding to decision without counsel would continue the deprivation at its decisive stage. See ***Penson v. Ohio***, 488 U.S. 75, 88 (1988). I therefore request that further appellate proceedings be stayed, even if the fee is paid, pending disposition of my IFP and counsel requests here and any ensuing review. A stay would preserve this Court's ability to resolve the controversy and grant effective relief. Respondents would retain their judgment. Preserving necessities and meaningful appellate review outweighs the interests in prompt fee collection and finality. ***Nken v. Holder***, 556 U.S. 418, 434–35 (2009).

**Notice under Supreme Court Rule 29.4**

28 U.S.C. § 2403(a) may apply. No certification under § 2403(a) appears in the available lower-court record.

Respectfully submitted,

Electronically signed by: William Louis Armstrong

/S/ William Louis Armstrong

William L. Armstrong III, pro se

2580 S. 34th St.

Milwaukee, WI 53215

(414) 248-1487

williamlouisarmstrong93@gmail.com

Date: November 16th 2026

**APPENDIX CONTENTS**

A. United States Court of Appeals for the Seventh Circuit, order denying leave to appeal in forma pauperis and requiring payment within fourteen days, November 10, 2026 (App. Dkt. 20)....................2a

B. United States Court of Appeals for the Seventh Circuit, order denying recruitment of counsel and miscellaneous relief, November 10, 2026 (App. Dkt. 21).........................................................................3a

C. United States Court of Appeals for the Seventh Circuit, order denying the motion to stay the filing bar and sanction pending appeal, October 14, 2026 (App. Dkt. 19)............................................................4a

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 10, 2026

*By the Court:*

| | |
|---|---|
| No. 26-2488 | WILLIAM L. ARMSTRONG, III,<br>Plaintiff - Appellant<br><br>v.<br><br>ALTER TRADING CORPORATION, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:25-cv-01702-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

The following are before the court:

1. **RENEWED MOTION UNDER FEDERAL RULE OF APPELLATE PROCEDURE 24(a)(5) FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**, filed on August 27, 2026, by the pro se appellant.

2. **SUPPLEMENT TO MOTION TO PROCEED IN FORMA PAUPERIS (TABLE OF AUTHORITIES)**, filed on August 27, 2026, by the pro se appellant.

**IT IS ORDERED** that the motion for leave to proceed on appeal in forma pauperis is **DENIED.** The appellant has not made a potentially meritorious argument that the district court erred in dismissing the complaint. Appellant shall pay the required docketing fee within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b).

form name: c7_Order_BTC (form ID: 178)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 10, 2026

*By the Court:*

| | |
|---|---|
| No. 26-2488 | WILLIAM L. ARMSTRONG, III,<br>Plaintiff - Appellant<br>v.<br>ALTER TRADING CORPORATION, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:25-cv-01702-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

The following are before the court:

1. **OMNIBUS MOTION TO EXTEND THE TIME TO FILE AN APPELLANT'S BRIEF, TO PERMIT THE FILING OF A SINGLE APPELLANT'S BRIEF AT APPELLANT'S ELECTION, TO RECRUIT COUNSEL UNDER BOTH 28 U.S.C. 1915 AND FED. R. CRIM. P. 44, TO DISPENSE WITH FILING AN APPENDIX OR TO DEFER THE SAME, FOR PRINTING AND SERVICE BY MARSHALLS, AND TO PERMIT AN INCREASED LIMIT FOR APPELLANT'S BRIEF**, filed on September 2, 2026, by the pro se appellant.

2. **REVISED OMNIBUS MOTION FOR ONE-COPY RELIEF, COUNSEL, ADDITIONAL TIME, APPENDIX RELIEF, PRINTING AND SERVICE, AN ENLARGED WORD LIMIT, AND JAPAN-SERVICE RELIEF**, filed on August 27, 2026, by the pro se appellant.

**IT IS ORDERED** that the motion for recruitment of counsel is **DENIED**. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc); *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). The panel assigned to decide this case may recruit counsel if it finds that step appropriate after reviewing the appellant's brief.

**IT IS FURTHER ORDERED** that the motion for miscellaneous relief is **DENIED**.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

October 14, 2026

*By the Court:*

| | |
|---|---|
| No. 26-2488 | WILLIAM L. ARMSTRONG, III,<br>Plaintiff - Appellant<br><br>v.<br><br>ALTER TRADING CORPORATION, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:25-cv-01702-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

Upon consideration of the **APPELLANT'S EMERGENCY MOTION TO STAY THE FILING BAR AND SANCTION PENDING APPEAL**, filed on October 13, 2026, by the pro se appellant,

**IT IS ORDERED** that the motion is **DENIED.**

form name: **c7_Order_BTC** (form ID: **178**)

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**Case No. 26-2488**

William L. Armstrong III v. Alter Trading Corporation, et al.

## PROOF OF SERVICE

Service of the Appellant's emergency motion to suspend the fee deadline pending Supreme Court review and appoint counsel and attached order made on November 17, 2026 by Mail USPS;

on Attorney General of the United States, U.S. Department of Justice at
950 Pennsylvania Avenue NW
Washington, DC 20530-0001;

on Alter Trading Corporation at
700 Office Parkway
St. Louis, MO 63141;

on Seven Stars Auto Parts LLC at
3520 W Mill Rd
Milwaukee, WI 53209;

on Miller Compressing Company at
1640 W Bruce St
Milwaukee, WI 53204;

on Goldstein Group Inc. at
700 Office Parkway
St. Louis, MO 63141;

on Quarles & Brady LLP at
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202;

on Toyota Tsusho Corporation at
9-8 Meieki 4-chome, Nakamura-ku
Nagoya, Aichi 450-8575
JAPAN;

on Toyota Tsusho America, Inc. at
700 Triport Road
Georgetown, KY 40324;

on Altech Recycling LLC at
2601 Central Airport Road
North Little Rock, AR 72117;

on MCC Holding LLC at
c/o John E. Busby
1004 E Ogden Ave
Milwaukee, WI 53202;

on Toyota Motor Corporation at
1 Toyota-Cho
Toyota City, Aichi 471-8571
JAPAN;

on Toyota Motor North America, Inc. at
6565 Headquarters Drive
Plano, TX 75024;

on Toyota Motor Sales, U.S.A., Inc. at
6565 Headquarters Drive
Plano, TX 75024;

on Toyota Motor Credit Corporation at
6565 Headquarters Drive
Plano, TX 75024;

on Toyota Financial Services at
c/o Toyota Motor Credit Corporation
6565 Headquarters Drive
Plano, TX 75024;

on Toyota Financial Services Corporation at
Nagoya Lucent Tower 15F
6-1 Ushijima-cho, Nishi-ku
Nagoya, Aichi 451-6015
JAPAN;

on Jon Spigel at
1614 E Kenmore Pl
Milwaukee, WI 53211;

on Michael Goldstein at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Robert Goldstein at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Robert G. Ellis at
12121 Hibler Dr
St. Louis, MO 63141;

on John Busby at
1004 E Ogden Ave
Milwaukee, WI 53202;

on All Seasons Trucking 2 LLC at
c/o Jomyka Burks, Registered Agent
1410 Ellis St
Waukesha, WI 53186-5621;

on Alter Logistics & Transloading Company at
2117 State St, Suite 300
Bettendorf, IA 52722;

on Alter Metal Recycling at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Green Bridge Company at
2117 State St, Suite 300
Bettendorf, IA 52722-5172;

on Jeffrey Goldstein at
c/o Green Bridge Company
2117 State St, Suite 300
Bettendorf, IA 52722-5172;

on Kathy Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Richard Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Marc Goldstein at
c/o GGI Motors / Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Samantha Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Lauren Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Jeremy Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Alex Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Jesse Goldstein at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Joshua Millan at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on Nathan Millan at
c/o Goldstein Group, Inc.
700 Office Parkway
St. Louis, MO 63141;

on David Klein at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Jay Robinovitz at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Don H. Martin at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Michael E. Vail at
c/o Alter Metal Recycling
2603 9th Ave
Council Bluffs, IA 51501;

on Jack Grundfest at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Lisa R. Walden at
c/o Alter Trading Corporation
700 Office Parkway
St. Louis, MO 63141;

on Joseph Poehlmann at
c/o Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202;

on Bryan Downer at
c/o Seven Stars Auto Parts LLC
3520 W Mill Rd
Milwaukee, WI 53209;

on Anthony R. Gardiner, Jr. at
c/o All Seasons Trucking 2 LLC
1410 Ellis St
Waukesha, WI 53186-5621;

on Chanel at
c/o All Seasons Trucking 2 LLC
1410 Ellis St
Waukesha, WI 53186-5621.

These papers were also mailed to the Clerk on
November 17, 2026 at
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
219 S Dearborn St, Room 2722
Chicago, IL 60604.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 17, 2026

[signature]

William L. Armstrong III
2580 S 34th St
Milwaukee, WI 53215

Monique Chambers
Notary Public
State of Wisconsin

Monique Chambers
11/17/2026
notary expiration
7/28/2028